The action stood continued for advisemént to this term; and now

The Court

observed that if the act, upon which the plaintiff relied in this case, was unconstitutional, and therefore void, it must be by force of some specific provision in the constitution of the United States, or in that of this commonwealth. But none such had been cited at the bar, nor was any such known to exist. The incorporation of a banking company was a privilege conferred by the legislature on the members. Punctuality and promptness in meeting every demand made on such an institution is essential to its very existence ; and a failure in this respect, now that bank bills form almost exclusively the circulating medium of the country, is a public inconvenience of great extent, and introductive of much mischief. It was therefore a duty highly incumbent on the legislature, *373 by all means within its constitutional authority, to prevent and punish such a mischief, and this the rather as these corporations derived all their powers from legislative grants. The provision made by the act under consideration was equitable and wise ; and the community is probably indebted to it for the correction of an evil, which at the time of passing the law had increased to an alarming degree. As it had no retrospective effect, there was no ground of complaint on the part of the banks, nor did it militate against any known and sound principle of legislation.
The plaintiff is entitled to the benefit of the rule of damages prescribed, from the 15th of January, 1810, the day of * the first demand after the act went into operation, which was on the first of that month. Regularly he would be entitled to these damages from the demand of payment to the entering of judgment; but as in this case the action has been continued since the last law term for the convenience of the Court, it would be a hardship on the defendants to hold them liable to the extra damages during that term.
Upon the whole, the plaintiff is entitled to judgment for the amount of the bills, on which payment was refused, with additional damages at two per cent, per month from the time of the demand and refusal to the last March term, and interest on the original sum at the rate of six per cent, per annum from that time to the present.