The opinion of the Court was delivered at this term by
Sewall, J.
Andrew Philbrook, on the 6th of September, 1808,
when this bond was executed, being then a prisoner in the jail at Wiscasset on the plaintiff’s execution, became so far enlarged thereby as to be entitled to the “ liberty of the prison-yard in the daytime ; but not to pass without the limits of the prison,” &c. (1) The boundaries of the jail-yard, appertaining to the jail at Wiscasset, had been fixed and determined, by the Court of General Sessions, so as to include M’ Crate’s workshop within the bounds appointed, that is, within the territorial limits. But, in the case of Baxter vs. Taber,. (2) it had been settled, by the decision of this Court, that dwelling-houses, and other places, the property of individuals, not under the control of the sheriff and keeper of the prison, or as the property of the county within the special juris diction of the Court of Sessions, however situate within the limits, were not to be considered as within the jail-yard, in the technical and appropriate sense of the term intended by the statute. This construction had been thought to be unavoidable, in the first case where the question had occurred ; notwithstanding a different practical construction, which had been very generally, if not universally, adopted.
The decision cited was pronounced at the term of this Court holden at Cumberland, in May, 1808, but was not published in the *142 reports of decisions until 1809. That decision, however, probably induced the present action, which was commenced in December, 1808; and upon the authority of that decision, the plaintiff had then, upon the facts stated, a good cause of action. Upon that construction of the term prison-yard, Philbrook committed an escape by going into M’ Crate’s workshop, however convenient or necessary to his livelihood his employment there was.
*In the ensuing session of the legislature of the com monwealth, the construction given by this Court to the statute respecting prisons came under their notice; and by a supp.ementary statute, (3) passed March 4, 1809, all boundaries of the jail-yards to the several jails, determined and assigned by the Court of Sessions, are confirmed, and rendered legal and valid; and it is further therein provided, “ that no person, having given bond conditioned to continue a true prisoner, &c., shall be considered as having committed any mapner of escape, in consequence of having entered into or upon any private estate or property.” But this provision was not to affect any suit wherein final judgment had been rendered at the time when that statute was enacted.
The question arising in this case, to be now finally decided, is, therefore, to be considered with a special reference to this extraordinary provision of the legislature; and if the decision is to be regulated by it, the result is obvious, without any discussion or inquiry. The prerogative of the legislature, their competency to alter the limits of prison-yards, and to fix the degree and nature of the confinement of prisoners in custody upon executions at the suit of individuals, is the question now to be settled, upon which the rights of the plaintiff, in this action, must be understood to depend. This inquiry has been found not without its difficulties, and, as a question of public policy, the decision in this and other like cases may be important in its consequences. A difference of opinion among the members of the Court, in their deliberations upon this subject, has occasioned an unusual delay in this and other cases where the same question has occurred. But in the case of Walter vs. Bacon Al., (4) the opinion of a majority of the Court was declared; and upon the authority of that decision, in a case materially the same with this in all its circumstances, no escape had been committed, and no forfeiture had been incurred by the defendant Philbrook, when this action was commenced.

Plaintiff nonsuit, 
(c)

 Stat. 1784, c. 41, § 9.

 4 Mass. Rep. 361.

 1808, c. 92.

 8 Mass. Rep. 468.

 [Vide Locke, vs. Dane, post. 360. — Blanshard, vs. Russell, 13 Mass. Rep. 1. — King vs. The Dedham Bank, 15 Mass. Rep. 447. — Hampshire vs. Franklin, 16 Mass. Rep. *143 76 —Holden vs. James, 11 Mass. Rep. 396. — Little vs. Frost, 3 Mass. Rep. 106. — Kendall vs. Kingston, 5 Mass. Rep. 24. — Foster vs. Essex Bank, 16 Mass. Rep. 245. — Commonwealth vs. Bird, 12 Mass. Rep. 443. — Rutland vs. Mendon, 1 Pick. Rep. 154. — Bacon vs. Callender, 6 Mass. Rep. 303. — Call vs. Hogan, 8 Mass. rep. 423. — Miller vs Miller, 16 Mass. Rep. 59. — Holbrook vs. Phinney, 4 Mass. Rep. 566. — Ed.]