Parker, C. J.
The question arising from the suggestion filed in this action, at the last term in Essex, is, whether the statute of 1819, c. 43, has the force of law with regard to this corporation; so that it is still in existence, for the purpose of suing and being sued, and for other purposes mentioned in the act.
Acts of a legislature, constitutionally organized, are to be presumed constitutional; and it is only when they manifestly infringe some of the provisions of the constitution, or violate the rights of the subject, that their operation and effect can be impeded by the judicial power *226 Whenever this shall happen, as it may from inadvertence, or in times of political conflict, when the passions domineer over reason, it is the duty of every court to protect those rights, and to vindicate the constitution.
Thus, if the legislature were to enact, that A. B. was guilty of treason, and that he should suffer the penalty of death, it would be the sworn duty of the court, or of any member of it, to grant a habeas corpus, and discharge him. Or if they should enact, that his estate should be confiscated, or transferred, or taken for the use of the public without an equivalent, such acts would not be k ws; and they never could be executed, but by a court as corrupt, or as passionate, as the legislature which should have passed them.
So, if the legislature should attempt to destroy or impair the legal force of contracts, by declaring that those who were indebted should be discharged without paying their debts, or on paying a [ * 271 ] less sum than they owed, or in * something different from what was agreed ; such acts would be unconstitutional, although not expressly prohibited ; because, by the fundamental principles of legislation, the law or rule must operate prospectively only, unless in cases where the public safety and convenience require that errors and mistakes should be overruled ; the power to do which has been immemorially exercised, and we believe, within the constitutional power of the legislature. For it is doing no one wrong, to prevent his taking advantage of a mere error or mistake.
Now, if the act in question impairs the force and obligation of contracts, or injures private property, or disturbs any vested rights, we ought to declare it void, and we should be ready to do so. But we are to be satisfied that it has this character.
In the first place, we see no pretence for saying that it impairs the force of contracts. Certainly it has not that .effect on contracts made by or with the bank: but the very object of the statute is to enforce such contracts.
It is said, however, that the contract with the government was, that at the end of twenty years the corporation should be dissolved, and each member take his share out of the common fund. But it should be considered that, by the original charter, each member’s share was liable for all the debts of the bank; and that he would have no moral right to withdraw it, until all the debts of the bank were paid ; so that there was an equitable lien upon his share; and the legislature, we think, had a right, if it was not their duty, to provide the means of enforcing this moral obligation.
1 he law complained of is a general law, operating upon all bodies corporate; and it is convenient for them and the public, that then nower of suing and being sued should be continued beyond the *227 period, within which they are empowered to make contracts, in order that their concerns may be properly adjusted.
*Nor do we think it an objection, that this additional [ * 272 ] term should be granted by an act made subsequent to the time when their charter was granted. A debtor to the bank could not object to a suit, on the ground that the original term of the charter had expired; for the very bringing of the suit would be an acceptance of the prolongation of the charter; and it would be absurd for him to say, that his debt was discharged, or that there were no means of recovering it, because he contracted with the corporation on a supposition that it would continue in being only a certain number of years. We think it equally incompetent for such corporation to deny its existence, against a statute of the govern ment, the object of which is to give a right of action on contracts, upon which they were legally and morally bound under their charter.
It is said that the members of such a corporation associated upon the faith that, after the time limited in their charter, they might separate, and take their shares of the stock. But it is to be answered that their stock is, in an equitable view, pledged for the payment of all debts due from the corporation; and that it would be fraudulent to withdraw the funds, knowing that there were debts to be paid, leaving no means of coercing the payment of those debts. What should be said of a banking company, which, just before its expiration, should divide all the stock, making no provision for the payment of its debts? Yet this might be done, if the legislature have no authority to establish, by law, a mode by which it should be compelled to fulfil its obligations. For it is certainly doubtful whether any means exist, under our laws, of pursuing the funds into the hands of individual corporators, and subjecting them to the claims of creditors. We see no violation of the rights of the corporators, no impairing of the obligation of contracts; for it can never be the right of any person to withhold a just debt from his creditor.
Upon the whole, we cannot discern any principle, by which it can be decided that this statute is void. It is not * retrospective in the proper sense of that term; for it [ * 273 ] provides for a future existence of the corporation, for limited and specific purposes. It does not infringe or interfere with any of the privileges secured by the charter, unless it be considered a privilege to be secured from the payment of debts, or the performance of contracts ; and this is a kind of privilege, which we imagine the constitution was not intended to protect. It does not impair the force or obligation of contracts; but, on the contrary, provides a .vay of enforcing them, both in favor of, and against the corporation.
*228 Many statutes have been referred to in the argument, which are much more questionable, as to their constitutionality, than the one under consideration:—The statutes of limitation, operating upon contracts already in force:—The suspension of those statutes, after the debtor may have considered that he had a right to be discharged within a certain period:—The statutes made for curing defects in the proceedings of courts, towns, officers, &c., when the party to oe affected might be said to have a vested right to take advantage oí • the error. The truth is, there is no such thing as a vested right to do wrong; and a legislature, which, in its acts not expressly authorized by the constitution, limits itself to correcting mistakes, and tc providing remedies for the furtherance of justice, cannot be charged with violating its duty, or exceeding its authority.
It was an incumbent duty of the legislature, to provide that corporations should not avoid their obligations, by ceasing to exist; and the mode, adopted in the act in question, was certainly the most favorable. Had they provided that all corporations should cease to transact business, three years before the time, for which they were created, expired, in order that they might bring their affairs to a close, it might justly be said, that their privileges were taken away, and the grant of the government was impaired. But to [*274] provide for their continuance for such * purpose, three years beyond their term, is no breach of their privileges ; and is, in fact, nothing more than establishing a mode by which their business may be closed, and their contracts carried into execution. It is in the nature of an administration upon their estate, and is only doing, in a more convenient form, what a court of equity, with competent powers, might do, viz. making the common fund answerable for the debts, which were created on the credit of that fund.
The suggestion filed in the case cannot have the effect to impede the progress of the suit.