THE PRESIDENT, &c. OF LINCOLN & KENNEBEC BANK,

*v.*

RICHARDSON.

A statute granting corporate powers is inoperative till it is accepted; but when accepted, it becomes a contract.

If the charter of a banking company be expired, it may be revived, in all its original force, by a subsequent statute.

And such subsequent statute merely revives the former corporation ; but does not create a new one.

*Assumpsit* upon a note of hand, called, among bankers, a *stock note,* given by the defendant to the plaintiffs.   The writ was sued out *October* 23, 1818.

In a case stated for the opinion of the Court, the parties agreed that the *Lincoln & Kennebec Bank* was incorporated *June*

Lincoln & Ken. Bank *v.* Richardson.

23, 1802, to continue for ten years from the first *Monday* of *October* 1802 :—that by an act passed *June* 1, 1812 entitled " an act to enable certain banks in this Commonwealth to settle and close their concerns," it was enacted that all banks incorporated, " whose corporate powers are limited to or at any time before the last day of *October* 1812, shall continue with all their powers, *till the first Monday of October* 1816, *and no longer,* for the sole purpose of enabling said banks gradually to settle and close their concerns, and divide their capital stock" :—that *on the* 14*th day of December* 1816 another law was passed in which it was enacted " that all the banks mentioned in the act of *June* 1, 1812, " shall be and hereby are continued bodies corporate *for all the purposes for which said act was passed,* for the *further* term of *three years* from the passing of this act, and that the said act be, and the same is hereby continued in force until the expiration of said term of three years."

MELLEN C. J. This case comes before us upon an agreed statement of facts, and was submitted without argument, on the ground that all the general reasoning in relation to the subject had been gone into in the case of *Foster v. the Essex Bank ;\** which cause has been recently decided by the *Supreme Judicial Court of Massachusetts ;* and we are now merely called upon to decide whether the difference between the two cases as to *some* of the facts will vary the principles of law by which the case must be determined.

There are only two points in which the cases differ. In the case before us a bank is plaintiff—in the other a bank was defendant ;—and in the *present* case the act of *June* 1, 1812 continued the powers of this and other banks until the first *Monday* of *October* 1816 ; and the *second* act for continuing or reviving the powers of banks did not pass till *December* 14, 1816, more than *two months after* the first extending act had ceased to operate ;—whereas in the other case the extending act was passed some weeks *before* the expiration of the charter of the *Essex Bank.*

We have examined the opinion of the Court in the latter case, and are perfectly satisfied with their reasoning and con-

---

\* Since published in 16 *Mass.* 245.

Lincoln & Ken. Bank v. Richardson.

clusion.; and we are of opinion that the same principles ought to govern both cases. The Chief Justice, in pronouncing the decision of the Court in the action against the *Essex Bank*, observes—"We think it no objection that this additional term should be granted by an act made *subsequent* to the time when the charter was granted. A debtor to the bank could not object to a suit on the ground that the original term of the charter had expired; for the very bringing of the action would be an acceptance of the charter." We apprehend that the same principle of law applies to an act *continuing* a charter beyond its original term, as to the act which *granted* the charter; that is, in both cases the grant or chartered powers, must be *accepted*: because a charter, and the extension of it, are, till so accepted, inoperative; but *when accepted*, they become contracts. Nor do we perceive that, on this principle, it is of importance whether the extending act is passed *before* or *after* the expiration of the original charter. Acceptance is necessary, in both cases.

By bringing the present action the plaintiffs have declared their acceptance of the new powers granted to them by the extending or reviving act of *December* 14, 1816; and of course are liable to be sued by their creditors, as well as empowered to enforce payment by their debtors. It would be a harsh and unjust principle, which would compel them to pay their debts because they have accepted the new powers; and-yet deny them the use of legal process to enable them to collect the funds necessary for the purpose. If it should be urged, as it has been, that there is no assent on the part of the debtors of the bank to the extension of the charter, and that the bringing of this suit, though it may be proof of acceptance on the part of the bank, is not so on the part of *Richardson ;* it may be replied, in addition to what has been before observed, that it appears by the agreement of the parties that the note in suit is a *stock note*, and of course *Richardson* is a *stockholder*. He is then bound by the *act of acceptance* on the part of the directors,— the prosecution of this action.—The stockholders are bound by their official acts, within the limits of their ordinary duties. Besides, it is for the interest of the defendant, as one of the

stockholders, that the debts due to the corporation should be faithfully collected and applied.

We all are of opinion that the action is maintainable, and according to the agreement of the parties the defendant must be defaulted.

*R. Williams* for the plaintiffs.

*Longfellow* and *Ames* for the defendant.