# CASES

IN THE

# SUPREME JUDICIAL COURT,

FOR THE

COUNTY OF LINCOLN, MAY TERM, 1834.

---

## THAYER & al. vs. SEAVEY.

The act of *January* 21*st*, 1834, providing " that no action should thereafterward
be *maintained* to recover damages for an escape of any debtor, committed on
execution, except *a special action on the case*," operated upon *actions pending*.

Such act is not *unconstitutional* on the ground of operating *retrospectively* or
disturbing *vested rights*.

THIS was an action of *debt* against the defendant as the keeper
of the jail in this county, for the escape of certain prisoners who
were committed on execution for debt.   The prisoners had given
bond for the liberty of the jail-yard and had subsequently taken
the poor debtor's oath and been discharged — but the bond had
been approved by but *one* Justice of the Peace and of the *quo-
rum*.   A question was raised as to the sufficiency of the bond,
and many others, the facts in regard to which, are not reported,
the decision of the cause having been placed by the Court on
different grounds.

The commitment was on the 20*th* of *November*, 1829; — the
prisoners were permitted to go at large on the 21*st* of the same
month.   The action was commenced prior to *January* 21*st*,
1834; on which day an act passed the legislature of this State,
the first section of which was as follows: " That, no action shall
be hereafter *maintained* to recover damages for an escape of any
debtor, committed on execution, except a special action on the
case."   And the question upon which the cause finally turned
was, whether this act operated upon actions pending.

*Thayer*, for the plaintiffs.

*Allen* and *Bailey*, for the defendant.

Mellen C. J. delivered the opinion of the Court in *Cumberland*, at a term holden in *August* following by adjournment.

Several objections have been urged by the counsel for the defendant, against the right of the plaintiffs to maintain this action. Some of them are of a peculiar character, and all of them have presented doubts and difficulties to the minds of one or more of the Court. We have, however, come to the conclusion that one of them is sustained, and must be fatal to the action. To this we shall confine our attention, and upon this we shall place the decision of the cause.

This is an action of *debt* for an escape of certain prisoners who were committed on execution for debt. This species of action, is given by the statutes of *Westminster* 2, and 1 of *Ric.* 2, ch. 12, and the Court observe, in the case of *Porter* v. *Sayward*, 7 *Mass.* 377, that ever since the above statutes, it has been holden that an action of debt lies against a jailer for an escape of a prisoner in execution; and that in such action the plaintiff is entitled to recover from the jailer the amount which was due to him from the prisoner. See also *Bonafous* v. *Walker*, 2 *T. Rep.* 126. The 6th article of the 6th *chapter* of the constitution of *Massachusetts*, as originally formed and adopted, contains this provision: " All the laws which have heretofore been adopted, used and approved in the Province, Colony, or State of *Massachusetts-Bay*, and usually practised on in the Courts of law, shall remain and be in full force, until altered or repealed by the Legislature; such parts only excepted as are repugnant to the rights and liberties contained in this constitution." And the 3d section of article 10th of the constitution of this State, is in these words: " All laws now in force in this State, and not repugnant to this constitution, shall remain and be in force, until altered or repealed by the legislature, or shall expire by their own limitation." The statute of *Westminster* 2*d*, abovementioned, having been " adopted, used, approved and usually practised upon in *Massachusetts*, was in force in *that* State at the time when the constitution of *this* State was formed and adopted, and thereupon became and

continued in force here until the passage of the law of *January* 21, 1834, hereafter mentioned.

What constitutes a repeal of a statute? " A statute may be repealed by the *express words* of a subsequent statute, or by *implication*." ."If a subsequent statute, contrary to the former, has *negative* words, it shall be a repeal of the former." " So if a statute enacts a thing inconsistent with a former." " So. if a subsequent act be contrary to a former in matter, it shall be a repeal of the former, though the words be affirmative." 4 *Com. Digest Parliament R.* 9. " A negative statute does so bind the common law, that a man cannot afterwards make use thereof." 4 *Bac. Abr.* 642. The statute of *January* 21, 1834, which we have above referred to, is in these words : " *Sec.* 1. *Be it enacted, &c.* That no action shall be hereafter *maintained* to recover damages for an escape of any debtor, committed on execution, except *a special action on the case.*" Though this act is not in the *formal language* of a repealing act, yet it expressly takes away the remedy by *action of debt,* and of course is stronger than either of the cases cited from *Comyn's Dig.* The words are not merely *negative,* but *prohibitory.* Whether the statute of *Westminster* 2, and 1 *Richard* 2d are to be considered in force in *Massachusetts, in the form and character of statutes,* or as a part of the *common law* of the Commonwealth and of this State, seems not to vary the power and effect of the statute of 1834. In whatever form or character they were the law of the land, binding on Courts and parties *before* that statute was passed, the moment it was passed, the said statutes of *Westminster* and *Richard,* or the spirit or principle of them was abolished and ceased to exist in this State. Such is the declared intention of our legislature. The act contains no saving clause either as to actions then pending, or causes of action then existing.

Our next inquiry is, what the consequences are of such a repealing act, without any saving clause, in respect to pending actions, originated according to the law as it existed when they were instituted. There is no. question as to criminal proceedings. " There can be no legal conviction for an offence, unless the act is contrary to law at the time it is committed ; nor can there be a judgment, unless the law is in force at the time of the indictment

*and of the judgment.*" 11 *Pick.* 350; 1 *Kent's Com.* 435; 7 *Wheaton*, 551.    All the statutes of *Massachusetts* which were in force at the time *Maine* became an independent State, as soon as they were revised and re-enacted in this State, were repealed by the act of *March* 21, 1821, *ch.* 180, but the act contains a saving clause, embracing all rights of action and all actions and causes of action, commenced in virtue of, or founded on said acts, or any of them.    So the act of *June* 20, 1809, declares "that no action shall hereafter be maintained on any bond, &c. *provided*, that nothing herein contained shall affect any suit or action *now pending* on such bond as aforesaid."    The act of *February* 24, 1827, *ch.* 370, repealing the act of *February* 28, 1823, which authorized this Court to lay out highways in certain cases, contains a saving clause as to all cases respecting highways then pending.    So the act of *February* 27, 1826, repealing the act of *February* 10, 1823, respecting lotteries, contains the usual saving clause.    So the act of *February* 28, 1829, changing the punishment of certain crimes as before that time established, contains a special and particular saving clause.    The act of *March* 4, 1829, repealing a section of a former act on the subject of costs, has a special saving clause.    It is true, that in many cases of repeal in our statute book, there are no saving clauses; but if there had been, they would have been of little importance, from the nature of the statutes, and the subjects to which they relate.

The case of *Springfield* v. *Commissioners of highways for the county of Hampden,* 6 *Pick.* 501, has a direct bearing upon the point under consideration.    By an act of 1825, certain powers were given to commissioners of highways, and by another statute, passed in 1827, repealing the former act, all those powers were vested in county commissioners; and in this latter act there was no clause saving to the commissioners of highways a power to proceed and act upon complaints and processes instituted before them.    The Court decided that they had no authority to proceed in the case before them, though it was pending when the latter act was passed.    The jurisdiction was gone.    The Chief Justice remarks, " The proposition that every thing *done* under a statute while in force, though the statute may be afterwards repealed, is undoubtedly true, but goes no further than to render

valid things *actually done;* but when those things themselves are merely *preliminary*, the principle does not authorize a further proceeding in order to render them effectual. " There is no such thing as a *vested right to a particular remedy*. The legislature may always alter the *form* of administering right and justice, and may transfer jurisdiction from one tribunal to another." What difference in principle is there between a right in the legislature to transfer jurisdiction from one tribunal to another, thereby defeating and at once terminating all pending proceedings, (as in the above cited case,) where there is no saving clause, and thus subjecting one or both parties to a loss of all costs incurred, and the right to declare that actions of a *certain* description shall not be *maintained* to recover damages, but *another kind* shall be resorted to; by means of which, pending actions are defeated and costs lost? In the former case, the court or tribunal are deprived of all power of acting *as to certain subjects;* and in the latter, of the power of acting, except in a *particular prescribed manner*. In both cases the repealing act operates upon the *Court* and the *parties;* depriving each of the power of proceeding as they had a right to proceed under the authority of the act repealed. We again ask, what is the difference in principle between the two cases? In the case under consideration, nothing has been done by the plaintiffs except commencing their action, and offering their proof in this Court, where a nonsuit has been entered for the purpose of having the decision of the whole Court on the question, whether the action can be maintained. It is not denied that the legislature may constitutionally repeal a law when they please, and without any saving clause. Suppose our legislature should repeal the statute which requires that damages for an injury occasioned to one's land by being flowed by the mill-dam of another, shall be recovered on *complaint to the Court of Common Pleas*, and not otherwise, and the repealing act should not contain any saving clause as to pending complaints and proceedings thereon, would not the complainant lose all costs which he had incurred? And yet that circumstance would not affect the validity of the act; and why should it in the present case? *Miller's case*, 1 *Wm. Blackstone*, 451, is in these words: " Under the insolvent debtor's act of *Geo. 3d,* one *Miller* was compelled

Thayer & al. *v.* Seavey.

by a creditor, at the sessions at *Guildhall*, to give up his effects, and he accordingly signed and swore to his schedule, &c.; but some circumstances arising, the Court adjourned till the next sessions. In the meantime the statute of 2 *Geo. 3d* passed, which repealed the *compelling clause*. Motion for a *mandamus* to the Justices now to proceed to grant *Miller* his discharge, the jurisdiction having attached *before* the clause was repealed. *But by the Court* nothing is more clear than that the jurisdiction is now gone, and that we cannot grant any such *mandamus*. Even offences committed against the clause while in force, could not have been punished, without a special clause to allow it." The case of a road in *Hatfield township, Montgomery county*, 4 *Yeates*, 392, was decided on the same principle on a *certiorari* to the sessions, and their judgment reversed, because the road was accepted and the proceedings had under the *former* laws which were repealed by the act of *April* 6, 1802, and no provision is contained therein to continue proceedings under the old laws. The petition for the road was presented in *May*, 1801. The marginal note of the above case is this. "No proceedings can be pursued under a repealed statute, though begun *before* the repeal, unless by a special clause in the repealing act. See also *Wharton's Digest*, 709, and 1 *Kent's Com.* 435. We have not been able to find any case making a distinction between *civil* and *criminal* cases on this point. In the above case of *Miller*, the Court use the expression, "*Even offences* committed against the clause," &c. &c., which expression seems to convey the idea that the principle is *more* applicable, if any thing, to *civil* than to *criminal* proceedings. If the present action were now pending in the Court of Common Pleas, would this Court grant a mandamus, for any reason whatever, to proceed in the cause? We forbear to cite any more cases in relation to *this* ground of defence; merely remarking, that whether the ground is a solid and substantial one, does not depend upon the *intention* of the legislature; the effect of the repeal of a statute, without a saving clause, is a dry *question of law.* And the cases above cited, in our opinion, have distinctly decided what that effect is; namely, a complete bar to the maintenance of the present action, provided the legis-

lature acted on constitutional and legitimate principles in the enactment of the law of 1834.

The remaining inquiry is, whether in such enactment they did act on such principles. It is urged by the counsel for the plaintiffs, that the above act is unconstitutional because it disturbs vested rights and impairs the obligation of contracts. In *Whitman* v. *Hapgood,* 13 *Mass.* 464, *Jackson J.* in giving the opinion of the Court says, "It is a general rule, applicable to all laws, that generally they are to be considered as prospective, and not to affect past transactions. It is not intended by this rule that the legislature cannot in some cases make laws with a *retrospective operation;* but this effect is not to be given to a statute unless such intention is manifestly expressed, especially if it tends to produce injustice or inconvenience." In the case before us the act was passed to *prevent* injustice : and it should be so construed as to produce the intended effect. It is contended by the counsel for the plaintiffs that when they commenced their action, they were by law entitled to recover the full amount of the *debt due* from the prisoners to them at the time of the escape; and also, at the time the act was passed, that a *bill of costs* had accrued, which they were also entitled to recover ; and that the legislature had no power to deprive them of such costs, or, by substituting a *special action on the case* in the room of an *action of debt,* to reduce the amount of the sum due, to such damages as a jury might estimate and allow. We have already, in this opinion, made some incidental observations upon this objection, so far as it relates to *costs.* This Court has always acted on the principle that the legislature might modify *remedies* at its pleasure, in all the questions which have arisen respecting *appeals* and *costs,* where the law had been altered in regard to *either,* pending the action, unless controlled by some express provision in the act making the alteration. Cannot the legislature take away the right of appeal in all personal actions under two hundred dollars, in all suits *pending* at the time of passing the act, as well as *others?* The provision in the Constitution of the *United States* and that of this State, to secure the protection of the obligation of contracts, seems not to apply in the instance before us. The plaintiffs do not found their action and claim against the defendant

on any contract between the parties, but on his alleged violation
of official duty as a jail-keeper. Besides, the act in question
does not divest the plaintiff's *right of action,* but merely changes
the remedy from an action of debt to a special action on the case.
Is the act then objectionable on any other ground, as operating or
professing to operate retrospectively and thus prejudice the rights
of the plaintiffs? This objection applies as well to all *causes of
action* for escape of prisoners on execution, existing at the time
the act passed, as to the *present action,* and we do not perceive
any difference in principle between them. See *Bacon* v. *Callen-
der,* 6 *Mass.* 303, and *Patterson and Philbrook,* 9 *Mass.* 151.
What then is the essence of the objection to the act as a retro-
spective one? It is this: in an action on the case, which is now
declared to be the only one maintainable for the escape of a debt-
or commited on execution, a plaintiff can only recover as much
damage as he has sustained, or a sum sufficient to indemnify him
for what he has lost; that is, he can obtain nothing more than
*perfect justice;* whereas, before the act was passed, such plain-
tiff could obtain judgment and execution for the whole amount
of the debt, though the debtor, at the time of his escape, or en-
largement from prison, was not worth a cent, and had, as in the
present case, been admitted to the benefit of the poor debtor's
oath. It is true the act in question may, and probably in most
instances will, prevent a recovery of any damages beyond what a
creditor shall be found to have sustained; and may thus impose
some limitation upon his rights. So did the general statute of
limitations, and so did the *Betterment* act. In *Walter* v. *Bacon
& al.* 8 *Mass.* 468, the Court decided that the legislature had a
right to pass a law confirming the doings of the Court of Ses-
sions, as to the assignment of prison limits, though the effect of
the law was to deprive the creditor of the right of maintaining
his action on the bond which he had when the act was passed, to
recover for the breach of the condition by the escape of the debt-
or. The decision in the above case of *Patterson* v. *Philbrook,*
was the same in principle. So also was *Lock, admr.* v. *Dane &
al.* 8 *Mass.* 360. The same principle also was acted on in *Com-
monwealth* v. *Bird,* 12 *Mass.* 443, and *Brown* v. *Penobscot
Bank,* 8 *Mass.* 445. To the same point may be cited *Foster &*

*als. exr.* v. *Essex Bank*, 16 *Mass.* 245.    In that case the Chief Justice says, that " a legislature which in its acts, not expressly authorized by the constitution, limits itself to correcting mistakes and to providing remedies for the furtherance of justice, cannot be charged with violating its duty or exceeding its authority." No one has ever doubted the right of the legislature of *Massachusetts* or of this State to grant chancery powers to the Supreme Courts of those States respectively : yet in some important particulars, such powers, when exerted, seem very seriously to interfere with what are called the vested rights of defendants ; one of which is to stand upon his *denial* of the plaintiff's claim and compel him to prove it if he can ; but in a court of equity the plaintiff may appeal directly to the conscience of the defendant, and compel him to answer on oath whether the facts stated in the bill are not true, and, if so, thus condemn him out of his own mouth. In *Potter* v. *Sturdivant*, 4 *Greenl.* 154, this Court decided that a statute of *Massachusetts*, authorizing the Supreme Court of Probate to chancer the penalty of an administration bond down to a *reasonable sum*, though at the time the act was passed the plaintiff had a right to have judgment and execution for the *whole penalty* for a certain specified breach, was not unconstitutional.    The statute did not take away or impair the plaintiff's right of action, for he was still entitled to recover all that reason and justice would require ; that it was no violation of any sound principle to mitigate the severity of a penalty and award to the party injured as much as he deserved in equity and good conscience.    See also the case of *Proprietors of side booms in Androscoggin river* v. *Haskell,* 7 *Greenl.* 174, and *Holbrook* v. *Phinney,* 4 *Mass.* 566.    But we will cite no more authorities, nor pursue the investigation of the cause any further.    The act declares, that an action of debt shall not be maintained for an escape of a prisoner on execution for debt, and it contains no saving clause as to actions then pending or causes of action then existing.    In these circumstances this Court has nothing more to do than dismiss the action from the docket.    The defendant cannot have costs, for the plaintiffs ought not to be subjected to any.

*Action dismissed.*