THE PEOPLE, *ex rel.* Helen R. Pitts, *vs.* THE BOARD OF SUPERVISORS OF ULSTER COUNTY.

63b  83
39ap182

Retrospective statutes are not forbidden by the constitution, in cases in which they do not impair the obligation of contracts, or partake of the character of *ex post facto* laws; and such statutes may be made, by express language, to have that effect.  Yet, unless they are so expressed, by necessary implication, they will be interpreted otherwise, and so that they shall not operate to change the existing state of things, or the common law.

The only exception to this rule is, that the doctrine does not apply to remedial statutes; which may be of a retrospective nature, provided they do not impair contracts or disturb absolute vested rights, and only go to confirm rights already existing, and are in furtherance of the remedy, and add to the means of enforcing existing obligations.

Even remedial statutes are not excepted from the general rule, except in those

cases where no other construction can be given without leaving the enactment of no effect; or where such a retrospective construction is a necessary implication from the language employed.

By an act of the legislature passed in April, 1871, (*Laws of* 1871, *ch.* 695, § 5,) the board of supervisors of any county in the state, (except New York and Kings,) were authorized by a two-thirds vote, to legalize the irregular acts of any town officer, performed in good faith, and within the scope of his authority; provided such legalization should be recommended by the county court of such county, and to correct any manifest clerical or other error in any assessments or returns made by any town officer to such board of supervisors, &c. In this case, the county judge of Ulster county, assuming to act under this statute, recommended that the taxes which had been assessed against the relator for the years 1866, 1867 and 1868, be refunded to her, and made an order to that effect. The board of supervisors refused to refund or allow such taxes. *Held* that the statute in question was to be held as *prospective* only; and did not have a retro-active effect, so as to include taxes assessed prior to its passage. Order granting peremptory mandamus reversed.

APPEAL from an order made at a special term, granting a peremptory mandamus, directing the defendants to refund to the relator her taxes, of the years 1866, 1867 and 1868, which were directed or recommended by the county judge of the county of Ulster, under the statute of 1871.

*S. Hand,* for the appellant.

*M. Schoonmaker,* for the respondent.

*By the Court,* P. POTTER, J. This proceeding originated under the act of the legislature of 1871, chapter 695, entitled "An act to amend an act entitled, 'an act to extend the powers of boards of supervisors, except in the counties of New York and Kings,' passed May 11, 1869."

By the 5th section of this act, as amended, the board of supervisors of any county (except the counties of New York and Kings) are authorized by a vote of two-thirds of all the members, to legalize the irregular acts of any town officer, performed in good faith, and within the

The People *v.* Supervisors of Ulster.

scope of his authority; provided such legalization shall be recommended by the county court of such county, and to correct any manifest clerical or other error in any assessments or returns made by any town officer to such board of supervisors, which shall properly come before such board for their action, confirmation or review. The county judge, in this case, recommended these three years' taxes to be refunded to the relator, and made an order to that effect. The board of supervisors refused to refund or allow such taxes. The relator applied to the Supreme Court, at special term, for a mandamus to compel their payment, and the special term granted a peremptory mandamus, by order; from which order the present appeal was taken, to this court.

The defendants claim that the statute in question is only prospective, in effect; that it does not have a retroactive effect, so as to include the taxes in question.

We have looked at the adjudications of the courts upon the interpretation to be given to the statute in question. There is nothing in the terms of the statute itself which necessarily makes it retro-active in effect. The case, therefore, depends entirely upon the rule of construction to be applied to it.

In the matter of *The Oliver Lee Bank*, (21 *N. Y.* 12,) the court recognize the rule of construction laid down in *Dash* v. *Van Kleeck*, (7 *John.* 477,) to be the true rule. They say, by that and other cases, the courts are admonished to avoid, *if possible*, such an interpretation as would give a statute a retrospective operation. The rule as laid down by Kent, Ch. J., in *Dash* v. *Van Kleeck*, (7 *John.* 582, 583,) is as follows: "We are to presume, out of respect to the law-givers, that the statute was not meant to operate retrospectively; and if we call to our attention the general sense of mankind on the subject of retrospective laws, it will afford us the best reason to conclude that the legislature did not intend to set so pernicious an example."

He further adds, that this has become a "principle venerable for its antiquity and the universality of its sanction, and is acknowledged as an element of jurisprudence." And also, that "this is a principle of the English common law as ancient as the common law itself; and that a statute even of its omnipotent parliament is not to have a retrospective effect;" and he cites *Bracton, lib.* 4, *f.* 228, and *Coke's Inst.* 292.

This rule was applied to a case of mandamus against *The Board of Supervisors of Columbia County,* (10 *Wend.* 365,) where Chief Justice Savage said: "The Revised Statutes, like all others, are prospective and so are to be construed, *unless otherwise expressed,* or *unless they cannot have the intended operation by any other than a retrospective construction.*" (*See* 12 *Wend.* 490 ; 3 *Barb.* 306.)

Among other provisions of the Revised Statutes was a new one applying to justices' courts, &c., as follows: "Every judgment of which a transcript *shall be filed* and docketed as herein directed, may be reviewed by *scire facias,*" &c. This was held not to apply to judgments entered prior to 1830. *Johnson* v. *Burrell,* (2 *Hill,* 239.) Cowen, J., said, in that case, "It is a general rule that a statute, affecting rights and liabilities, should not be so construed as to act upon those already existing. To give it that effect, the statute should, *in terms, declare an intention so to act.* Here it does not, but the language is prospective." (*See* 1 *Hill,* 335.)

Retrospective statutes are not forbidden by the constitution, in cases in which they do not impair the obligation of contracts, or partake of the character of *ex post facto* laws ; and such statutes may be made, by express language, to have that effect. Yet unless they are so expressed, by necessary implication, they will be interpreted otherwise, and so that they shall not operate to change the existing state of things, or the common law.

The only exception to this rule is that referred to by

Chancellor Kent, (1 *Com.* 455, 2*d ed.*,) in which he says: "But this doctrine is not understood to apply to remedial statutes, *which may be of a retrospective nature,* provided they do not impair contracts or disturb absolute vested rights, and only go to confirm rights already existing, and in furtherance of the remedy, and adding to the means of enforcing existing obligations." As authority for this exception, he cites *Underwood* v. *Lilly,* (10 *Serg. & Rawle,* 101;) *State* v. *Stooltzfoos,* (16 *id.* 35;) *Bleakley* v. *F. and M. Bank,* (17 *id.* 64;) *Foster* v. *Essex Bank,* (16 *Mass.* 245;) *Locke* v. *Dane,* (9 *id.* 360.) I have taken occasion to examine these several cases, in their order. The case of *Underwood* v. *Lilly,* is the case of a statute *confirming* judgments entered up under a defective statue. Duncan, J., said: "Such an act impaired no contract—disturbed no vested right—and was free from the odium to which retrospective acts are generally subject." And he added: " Confirming acts are, in their very nature, and must be, retrospective; the words will admit of no other meaning." The case of *State* v. *Stooltzfoos,* was the interpretation of an act to *confirm* defective acknowledgments of deeds, decided by the same judge, and upon the same reasons—that it was intended, from its very nature, to apply to past acts, and that unless it was so interpreted, the act would be without force. *Bleakley* v. *Farmers and Mechanics' Bank,* was the construction of an act providing for the closing of banking institutions, extending the time of their corporate existence, and ratifying certain acts which they had no power to perform. The court say: " This law divests no right, but removes an impediment or disability; it renders lawful an act prohibited, as if it had been lawful *ab initio;* it works no injustice, infringes no man's rights; it impairs no contract," &c. The case of *Foster* v. *Essex Bank,* in Massachusetts, is, in all its legal features, like the preceding case in Pennsylvania. It was held that such a law was within the constitutional power of the legisla-

ture, and though remedial and retrospective in one sense, it was not retrospective in the proper sense; for it provided for a future existence, and confirmed the acts of the corporation by providing a remedy for correcting mistakes, in furtherance of justice. The case of *Locke* v. *Dane*, was also that of an act to *confirm* the doings of certain courts, and other public bodies, and must, from its terms, refer to retrospective acts.

In all such cases, the acts, must, of necessity, be interpreted retrospectively. But upon the authority of the cases cited, in this State and in England, unless the act contains, in terms or by necessary implication, language of intent to apply retrospectively, must be held to apply prospectively, only.

It thus appears, from the cases reviewed, that even remedial statutes are not excepted from the general rule, except in those cases where no other construction can be given without leaving the enactment of no effect; or where such a retrospective construction is a necessary implication from the language employed. This is not such a case.

In view of the cases examined, and the universality of the principle settled by the courts, I think the act in question is to be held as prospective only; and that the order of the special term must be reversed, with $10 costs, and the motion before the special term denied, with $10 costs.

[Third Department, General Term, at Albany, March 5, 1872. *Miller*, *P. Potter* and *Balcom*, Justices.]