## MATTER OF THE FARMERS' NATIONAL BANK OF HUDSON.

*Assessment — bank shares — deduction of real estate.*

In proceedings by a bank and the stockholders thereof to compel a board of supervisors to refund taxes claimed to have been illegally assessed, on the ground that the assessors did not deduct the assessed value of the real estate of the bank from the value of the shares of stock therein, but valued and assessed both the real estate and the shares at their full value, *held*, that in the absence of proof to the contrary the assessors will be presumed to have made the deduction required by law, and that the affidavit of the assessors attached to the roll, stating that said roll contains a true statement of the taxable personal estate "at the full and true value thereof," is not evidence that the deduction was not made.

The omission of assessors to deduct the assessed value of the real estate of a bank from the value of its shares of stock is not "a manifest clerical or other error," to be corrected under chap. 695, Laws of 1871.

APPEAL by the board of supervisors of Columbia county from an order made by the county court of said county, requiring said board to refund to the petitioner, Bachman, and the other stockholders of the Farmers' National Bank of Hudson, certain taxes claimed to have been improperly assessed for the years 1870 and 1871.

The order of the county court was made under the assumed authority contained in chapter 695, Laws of 1871; authorizing the board of supervisors of any county, among other things, on the recommendation of the county court of said county, "to correct any manifest clerical or other error in any assessment;" and providing that, upon the order of such court, made on the application of the person aggrieved, and notice thereof to such board, it shall refund to such person the amount collected from him of any tax illegally or improperly assessed or levied.

It appeared upon the assessment rolls of the city of Hudson for the years 1870 and 1871 that the stockholders of said bank were assessed for their shares of stock, and that said shares were assessed and valued in 1870 at $105 per share, and in 1871 at $115 per share. The real estate of the bank for the same years was assessed at $6,000.

The affidavit of the assessors, annexed to the assessment rolls, stated as follows: "And also that the said assessment roll contains a true statement of the aggregate amount of the taxable personal estate of each and every person named in said roll over and above the amount of debts due from such persons respectively, and excluding such stocks as are otherwise taxable, and such other property as is exempt by law from taxation, at the full and true value thereof, according to our best judgment and belief."

An affidavit of one Burgher was read on the part of the supervisors, to the effect that he was and had been for the last eight years one of the assessors of the city of Hudson, and that during said term the board of assessors, in assessing the value of the shares of the several banks in the said city, deducted the value of the real estate owned by said corporations.

The petitioning bank alleged and claimed that for the years 1870 and 1871 no deduction was made from the value of the stock of said bank as valued by the assessors, of the assessed value of the real estate of said bank, as required by chapter 761, Laws 1866, section 1, and that such fact appeared upon the face of the assessment rolls.

*R. E. Andrews*, for board of supervisors.

*Newkirk & Chace*, for bank and its stockholders.

BOARDMAN, J. The assessors were right in assessing the real estate to the bank. They were right in the assessment of the stockholders if they deducted first from the gross value of the shares the value of the real estate so assessed to the bank and assessed the stockholders *pro rata* for the balance. In the absence of proof it will be presumed to have been so done, since the law requires it, and officers are presumed to have done their duty. There is no evidence that it was not done. The affidavits of the assessors attached to the roll is not evidence that this deduction was not made. The form of that affidavit is prescribed by the statute. Matters not thereby covered are protected by the duty of the assessor under the law and their oath of office. This case is like that of a minister of the gospel, entitled to certain exemptions from assessment and taxation. It has been decided that such exemption and deduction need not appear upon the roll. *Prosser* v. *Secor*, 5 Barb. 607, overruled in *Brown* v. *Smith*, 24 id. 419. The contrary doctrine to that of *Prosser* v. *Secor* has since been held in a case from Tioga county, *Barhyte* v. *Shepherd*, 35 N. Y. 238, referred to in *Bell* v. *Pierce*, 48 Barb. 51.

The same principle applies to the case of the person entitled to exemption or deduction from his personal property for debts owing by him.

The assessors having jurisdiction of the person and of the subject-matter will be presumed to have acted legally unless the contrary distinctly appears. In this instance the contrary does not distinctly appear and can scarcely be guessed out. But the affidavit of Burgher shows affirmatively that such deduction was in fact made by the assessors, and that the assessment is correct and as the law requires. If these conclusions could be doubtful the court is still of the opinion that it is not a "manifest clerical or other error," to be corrected by these proceedings under the Laws of 1869 and 1871.

In *The People ex rel.* v. *Supervisors of Ulster*, 63 Barb. 83, it is held that the act of 1871 is prospective only in its effect and does not apply to taxes assessed prior to its passage. Under this decision the order in question was wrong, to the extent that it included taxes assessed and paid before the passage of the act of 1871.

The order appealed from must be reversed with $10 costs of this appeal to be paid by Samuel Bachman the petitioner to the board of supervisors of Columbia county or their attorney.

*Ordered accordingly.*