Parker, C. J.,
delivered the opinion of the Court. From the words of the deed in this case, it is not easy to ascertain whether the grantor intended to convey a joint estate or a tenancy in common. The words “ jointly and severally ” would seem to import a’several interest; so that on the death of either of the grantees, the whole estate should not enure by survivorship to the other; but yet we cannot infer, from these words alone, that a tenancy in common was intended, as they are not inconsistent with a technical joint estate.
* It cannot, however, be doubted that this deed would, by [ * 61 ] the operation of the statute of 1785, create a tenancy in common ; for it contains none of the expressions, which are to constitute exceptions. For although the words jointly and severally are strangely introduced, they do not import an intention to create a joint, any more than a separate estate in moieties. The statute, therefore, is decisive ; unless for the objection, that it cannot have a retrospective operation, so as to change an estate, which was vested by the deed several years before the statute passed.
*52 ■ The statute, in its terms, applies to estates created before, as well as after its enactment. The principle is nevertheless correct, that the legislature cannot impair the title to estates, without the consent of the proprietors; unless for public objects, when an adequate consideration shall be provided. But there can be no objection to the operation of any legislative act retrospectively, which shall enlarge, or otherwise make more valuable, the title to any estate; for the consent of the holder may always be presumed, to such acts.
Now, it was clearly for the interest of both the grantees in the deed under consideration, that they should hold as tenants in common, rather than as joint tenants; inasmuch as a certain inheritance in a moiety is more valuable than an uncertain right of succession to the whole; and in this view, the objection to the operation of the statute, we think, is avoided. In the case of Holbrook vs. Finney (1), it is said by Chief Justice Parsons, that “ there seems to be no constitutional objection to the power of the legislature to alter a tenure, by substituting another tenure more beneficial to all the tenants.”
It may be considered too, in the case before us, that both the grantees appear to have assented to the operation of the statute, by bringing their several writs of entry for an undivided moiety ; which they could only do as tenants in common.
[*62] *Upon the foregoing grounds, we are of opinion that Mary Miller died seised of one undivided moiety of the land conveyed by the deed in question, in common with Lucy Miller, the tenant to the writ; and that the demandant, her brother, as one of her heirs, is entitled to recover the portion, which he has demanded in this action (2).

Tenant defaulted

 4 Mass. Rep. 568.

 [The reasons given by the Court seem to be very questionable, to say the least. The judgment can only be maintained as it would seem, from the express words of the act, which seems to refer to all conveyances “ which have been or shall be made.” A retro-active law, so far as it affects the remedy only, is unobjectionable. But here, it the words of the act are to have their full force, rights already vested and acquired under conveyances already made are to be affected, altered, and taken away. In this point of view the law, so far as it regards conveyances then made, is void. King vs Dedham Bank, 15 Mass. 447. —Foster & Al. vs. The Essex Bank, post, 245. —Ed.]