OTIS H. WEED *vs.* JEREMIAH DONOVAN.

The Legislature can confirm a deed of land made by an executor, an administrator or a trustee under a will, when the sole objection to the efficacy of the deed is that the grantor had not been so appointed and had not so given bond as to authorize him to execute a power of sale conferred by the will.

BILL IN EQUITY, filed September 12, 1872, to compel the spe-cific performance of a written contract for the sale of a parcel of land on Heath Street, in that part of Boston which was formerly Roxbury.

The answer admitted the allegations of the bill to be true, and averred that the plaintiff had not a good title to the land.

It was agreed by the parties that one Ebenezer Crafts died in 1863, seised of the land, leaving a widow, and, as his only heirs at law, a daughter Susan H. Gallup, and a son William A. Crafts; that Ebenezer Crafts, by his will, which was duly approved Feb-ruary 27, 1864, devised one half of the proceeds of the lot of land in these words : " Also one half of the income of a piece of land on Heath Street in Roxbury, when sold," to his daughter ; and that the other half of the proceeds of said land, when sold, was devised to one De Wolf, in trust for the testator's son ; that he ordered the land to be sold as follows : " I also direct my lot in Windham, N. H., to be sold as soon as my executors deem it ad-visable ; also my lot of land bounding on Heath Street in Rox-bury ; also my lot of land in Brookline ; also my marsh land, &c., I direct my executors and trustee to sell as soon as they shall deem it advisable so to do." " I give unto my executors power

to sell real and personal estate without leave of court; " that
by his will his son, William A. Crafts, and Henry B. Brigham
were named as executors ; that they duly declined the trust ; that
William A. Crafts and Warren Tilton were then appointed ad-
ministrators, with the will annexed, and gave bonds in common
form in the sum of $90,000 ; that by the inventory returned
to the Probate Court, the whole estate of said Ebenezer was ap-
praised at $60,000 ; that the widow died soon after her husband,
and that all the known debts were paid soon after the appoint-
ment of the administrators ; that July 7, 1866, De Wolf duly
declined to act as trustee ; that October 6, 1866, Tilton was ap-
pointed trustee in his place, giving bond in common form, in
the sum of $30,000, for the faithful performance of his duties ;
that neither in the appointment of the administrators nor in that
of Tilton as trustee, were any affidavits of publication of the or-
ders of notice returned to the Probate Court ; that in pursuance
of a bond given to Otis H. Weed, and in consideration of $10,200
paid by him to Wm. A. Crafts and Tilton, Crafts, Brigham and
Tilton, acting under the power given to them by the will, con-
veyed in fee simple the land in question to Weed ; that at the
same time a quitclaim deed of the land was executed and deliv-
ered to Weed, signed by Crafts, and by Susan H. Gallup, and by
all of their children then above the age of twenty-one years ; these
deeds being dated April 30, 1872.

The case was heard by *Wells*, J., upon the pleadings and the
agreed facts, and by him reserved for the determination of the
full court.

After the case was so reserved, it was agreed by the parties
that a resolve of the Legislature, approved by the Governor
March 8, 1873, should be considered as a part of the reported
facts, in the same manner as if it had been set forth in a supple-
mental bill.

The resolve is as follows : " Resolved, for the reasons set forth
in the petition of Otis H. Weed and others, that the deed made
by William A. Crafts and Henry B. Brigham, named as execu-
tors in the will of Ebenezer Crafts, late of Roxbury, deceased,
and by Warren Tilton, trustee under said will, to Otis H. Weed,

dated April thirtieth, in the year eighteen hundred and seventy-two, and recorded in the registry of deeds for the county of Suffolk in book eleven hundred and nine, folio one hundred and seventy-four, be, and the same hereby is, confirmed and made valid."

*C. P. Judd,* (*J. Cutler* with him,) for the plaintiff.

*M. Williams, Jr.,* for the defendant.

GRAY, C. J. It is unnecessary to consider by whom the power of sale conferred by the testator upon the executors and trustee named in the will should properly have been executed after the former had declined to act as executors, and the latter had declined to act as trustee; for the persons so named as executors, the administrators with the will annexed, and the trustee appointed by the Probate Court in the place of the one who had declined the trust, all joined in conveying the land in question to the plaintiff, and the heirs at law of the testator at the same time released their interest therein.

The only objections raised to the efficacy of those deeds to pass a complete title are that the grantors had not previously been appointed and given bond in such a manner as to authorize them to execute the power of sale conferred by the will. Such informalities, if any, are cured by the resolve of the Legislature of 1873, *c.* 9. *Wilkinson* v. *Leland,* 2 Pet. 627, and 10 Pet. 294. *Kearney* v. *Taylor,* 15 How. 494. *Sohier* v. *Massachusetts General Hospital,* 3 Cush. 483. *Wildes* v. *Vanvoorhis,* 15 Gray, 139. *Denny* v. *Mattoon,* 2 Allen, 361, 382, 383.

The parties having agreed that this resolve, though passed since the bill was filed, may be considered as if brought before the court by supplemental bill, and it not being suggested that time was or is of the essence of the agreement between the plaintiff and the defendant, the plaintiff, being now able to make a complete title, is entitled to a decree for specific performance, *Dresel* v. *Jordan,* 104 Mass. 407.

*Decree for the plaintiff, without costs.*