DANIEL T. ALBERTSON, EXECUTOR, *vs.* EDWARD R. LANDON, ADMINISTRATOR.

The act of 1866 (Acts of 1866, ch. 89,) provides that where an estate for life has been or shall be created by will, and the person or persons having the remainder interest shall advance money for necessary repairs or for the necessary support of the life tenant, such advancements shall constitute a charge against the property in which the life estate exists. Held not to be applicable to advancements made before the passage of the act.

The statute could not operate retroactively, even if it was so intended, because it would defeat vested rights.

PETITION to a court of probate for the sale of real estate; brought by appeal to the Superior Court in New Haven County. Demurrer to the petition and reservation for advice. The case is sufficiently stated in the opinion.

The statute under which the petition was brought was passed June 30th, 1866, and is as follows:

" Whenever a life estate in any real property has been or may be created by will, and the person or persons having a remainder interest in such property, under the provisions of such will, have advanced or paid any sum or sums of money for the necessary repairs and improvement of such property, or for the necessary support of the person or persons owning such life estate, such sum or sums of money so advanced or paid shall constitute a proper charge against the property in which such life estate existed."

Another section provides for an application to the court of probate of the district in which the property is situated for an order for the sale of so much of the property as may be necessary to pay off the charge.

*Watrous* and *Landon*, in support of the demurrer.

*Wright* and *H. L. Harrison*, contra.

FOSTER, J.  Wyllys Butler, of Branford, by his last will gave a life estate in all his property, real and personal, to his widow.   He gave the remainder in fee to four grandchildren, provided they should survive his widow, their grandmother. If they did not, the remainder of the estate was given to Charles Butler and Emeline Spencer and their heirs.

Though there is no finding of facts, it appears from the briefs of counsel that the grandchildren, to whom the remainder of the estate was given, all died before the tenant for life. Caroline M. Albertson, one of the grandchildren, is spoken of as the last survivor, and as having died a short time before her grandmother.   Her executor prefers this application in the court of probate, for the sale of all the real estate of the testator, lying in Branford, except the life estate, or so much thereof as will raise the sum of $5,000.   The application sets forth that the said Caroline, in her lifetime, and during the existence of the life estate, advanced and paid the above sum for the necessary repairs and improvement of said real estate, and for the necessary support of said widow, the tenant for life, between the 1st day of January, 1857, and the first day of January, 1866.

The statute, under which this application is made, was passed by the General Assembly, at its May session in the year 1866.   This application stands on demurrer in the Superior Court, and the question raised is reserved for the advice of this court.

We think the demurrer is well taken.   The application is based solely on the statute, and the expenditures, both for repairs and for the support of the tenant for life, were made prior to its enactment.

To give this statute the retroactive effect claimed for it, would be to defeat the intent of the testator, Wyllys Butler, and to deprive Charles Butler and Emeline Spencer of their vested rights. To show that this cannot be done would be a mere waste of words and time.

Whether this act may operate prospectively or not, it is unnecessary to decide; and so as to that we express no opinion. We decide simply the question before us, and advise the Superior Court that this demurrer should be sustained; that this application is insufficient and should be dismissed.

In this opinion the other judges concurred.