SARAH E. WALL *vs.* CALEB A. WALL.

Worcester. Oct. 4, 1877. — Feb. 8, 1878. ENDICOTT & LORD, JJ., absent.

The provisions of the Gen. Sts. c. 12, § 33, do not authorize the sale, by a collector of taxes, of an undivided interest in land.

An advertisement of a collector of taxes, which offers for sale a certain parcel of real estate, " or such undivided portions thereof as may be necessary," invalidates a sale thereunder, although, in fact, the whole parcel is sold.

WRIT OF ENTRY, dated March 13, 1877, to recover a parcel of land in Worcester. Plea, *nul disseisin.* The case was submitted to this court upon an agreed statement of facts, which, so far as material to the point decided, was as follows :

The demandant was the owner of the demanded premises on May 1, 1872. The assessors of Worcester for that year assessed upon said estate a tax of $33.06. The tax list for 1872 was duly committed to the collector of taxes for collection. The demandant having failed to pay the tax, the collector advertised the estate for sale as follows: " City Collector's Notice. The owners and occupants of the following described parcels of real estate, situated in the city and county of Worcester and Commonwealth of Massachusetts, are hereby notified that the taxes thereon severally assessed for the year 1872, according to the list submitted to me as collector of taxes for said city by the assessors of taxes, remain unpaid, and that said parcels of real estate, or such undivided portions thereof as may be necessary, will be offered for sale at public auction at my office, No. 6 City Hall in said Worcester, on Friday the 20th day of February, 1874, at 10 o'clock A. M., for the payment of said taxes, together with interest thereon at 7 per cent. per annum from and after the 1st day of November, 1872, and the costs and charges thereon, unless the same shall be previously discharged, viz.: [Then followed several estates, including the one in question, described as follows :] Sarah Wall, estate on the east side of Main Street, bounded north by land of F. Whipple, south by land of E. P. Drury, and now or formerly owned by said Wall, containing 15,105 square feet of land, be the same more or less. Assessed, $33.06. Worcester, Mass., Jan. 19, 1874.

" Wm. S. Barton, treasurer and collector."

The advertisement was published in a daily newspaper in Worcester on January 19, 20, 26, 29 and 30, and on February 2, 3, 4 and 10, 1874. The entire estate of the demandant was sold by the collector to a person who subsequently conveyed it to the tenant.

Judgment was to be entered for the demandant or tenant, as the court should determine.

*T. L. Nelson*, for the demandant.

*F. T. Blackmer*, for the tenant.

MORTON, J. The tenant's title is derived from a sale and conveyance of the premises by the collector of taxes of the city of Worcester. The demandant makes several objections to the validity of this sale. We are satisfied that one of these objections must prevail.

The statute requires that the collector shall give notice of the time and place of sale of real estate taken for taxes, by an advertisement to be published in a newspaper of the county in which such estate lies, and that " the advertisement shall contain a substantially accurate description of the several rights, lots or divisions of the estate to be sold, the amount of the tax assessed on each, the names of all owners known to the collector, and the taxes assessed on their respective lands." Gen. Sts. *c.* 12, §§ 28, 29.

It has been held that these requirements of the statute are not merely directory to the collector, but that they are conditions precedent to the validity of the sale, and that, unless they are strictly followed, the sale is invalid. Thus, in *Alexander* v. *Pitts*, 7 Cush. 503, it was held that, as the tax assessed, for nonpayment of which the estate was sold, was three dollars and thirty cents, and the advertisement stated the amount of the tax to be four dollars and twelve cents, the sale was void. See also *Farnum* v. *Buffum*, 4 Cush. 260.

The collector's advertisement in this case gives notice to "the owners and occupants of the following described parcels of real estate " that the taxes on said estates, assessed for the year 1872, remain unpaid, and " that said parcels of real estate, or such undivided portions thereof as may be necessary, will be offered for sale at public auction " at the place and time named.

A collector, by the Gen. Sts. *c.* 12, § 33, is authorized, if the taxes are not paid, to sell the whole land, or, if it is capable of division, any part of it, or the rents and profits of the whole estate. But he is nowhere given any authority to sell an undivided interest in the land, so as to constitute the purchaser a tenant in common with the owner.

The advertisement in this case gives notice to the owner and others interested that the collector intends to sell, either the whole of the land of Sarah Wall, or such undivided portions thereof as may be necessary. As he had no right to sell any undivided portion of the land, it was not a due execution of the statute power, and therefore no title passed by the deed. *Crowell* v. *Goodwin*, 3 Allen, 535.

This makes it unnecessary to discuss the other objections to the sale made by the demandant.

*Judgment for the demandant.**

---

* The St. of 1878, *c.* 229, § 1, which took effect on May 6, 1878, is as follows: "No sale heretofore made of real estate taken for taxes shall be held invalid by reason of the notice of sale having contained the words 'or such undivided portions thereof as may be necessary,' or the words, 'or such undivided portions of them as may be necessary:' *provided, however,* that this act shall not apply to any case wherein proceedings at law or in equity have been commenced, involving the validity of such sale, nor to any real estate which has been alienated since the eighth day of February of the current year, and before the passage of this act."