LOUISA FORSTER *vs.* EDWARD J. FORSTER.

Suffolk. Nov. 18, 1879. — Oct. 23, 1880. MORTON & SOULE, JJ., absent.

SARAH P. TUCKER *vs.* JAMES DESHON & another.

Suffolk. Nov. 18, 1879. — Oct. 23, 1880 MORTON & SOULE, JJ., absent.

GEORGE P. BALDWIN *vs.* UNION INSTITUTION FOR SAVINGS.

Suffolk. November 24, 1879. — October 23, 1880.

FREDERICK D. ELY *vs.* JEREMIAH DEAN.

Suffolk. March 12. — October 23, 1880.

WILLIAM H. SLOCUM *vs.* CITY OF BOSTON.

Suffolk. March 3. — Oct. 23, 1880. ENDICOTT & SOULE, JJ., absent.

ALICE L. PRENTICE *vs.* CITY OF WORCESTER.

Worcester. Oct. 6. — 23, 1880. COLT & MORTON, JJ., absent.

After a decision of this court that a tax sale of real estate was void on account of a defect in the notice thereof, a statute was passed enacting that no such sale previously made should be held to be invalid by reason of such defect, provided that the act should not apply to any case wherein proceedings at law or in equity had been begun involving the validity of such sale, nor to any real estate which had been alienated between a certain date (which was the date of the decision) and the passage of the act. *Held,* that the statute was unconstitutional.

A tax on real estate may be assessed to a person who appears by the records to be the owner, if the municipality assessing the tax has no notice that he has previously conveyed the land.

Under the St. of 1862, *c.* 183, § 6, which provides that a collector's deed of land sold for taxes shall contain a special warranty that the sale has been conducted according to the provisions of law, and gives the purchaser the right, if it subsequently appears that he has no claim to the property sold, by reason of informality in the proceedings, upon surrender of his deed, to the amount paid by him "together with ten per cent interest per annum on the same," "in full satisfaction of all claims for damages," interest, in an action on the covenant of warranty, may be recovered at that rate to the time of judgment.

On a petition against a city to recover damages for the taking of land for a highway, the petitioner claimed title under a deed from the collector on a sale for taxes, and also under a deed from the collector to the city on another sale for taxes, and a release from the city of its title and interest under the collector's deed. *Held,* that the city was not estopped to deny that the petitioner had no title by reason of the invalidity of the notices of the sales.

GRAY, C. J. By the Gen. Sts. c. 12, §§ 28–30, the collector, before selling real estate for taxes, is required to publish and post a notice of the time and place of sale, containing, among other things, a substantially accurate description of the several rights, lots or divisions of the estate to be sold. By § 33, if the taxes are not paid, he is required, at the time and place appointed for the sale, to sell by public auction so much of the real estate, or the rents and profits of the whole estate for such term of time, as shall be sufficient to discharge the taxes and necessary intervening charges; he is allowed at his option to sell the whole or any part of the land; and is directed, after satisfying the taxes and charges, to pay the residue of the proceeds of the sale, if any, to the owner of the land.

In *Wall* v. *Wall*, 124 Mass. 65, decided on February 8, 1878, it was adjudged by this court that the collector had no authority to sell an undivided interest in the land, so as to constitute the purchaser tenant in common with the owner; and that, when the only previous notice was that the land, or such undivided part thereof as might be necessary, would be sold, any sale, although of the entire parcel of land, was void.

On May 6, 1878, the Legislature passed a statute, to take immediate effect, in these words: " No sale heretofore made of real estate taken for taxes shall be held invalid by reason of the notice of sale having contained the words ' or such undivided portions thereof as may be necessary,' or the words ' or such undivided portions of them as may be necessary: ' provided, however, that this act shall not apply to any case wherein proceedings at law or in equity have been commenced involving the validity of such sale, nor to any real estate which has been alienated since the eighth day of February of the current year and before the passage of this act." St. of 1878, c. 229.

The principal question presented and argued in each of these six cases is whether this statute is constitutional, as applied to sales, no suit involving the validity of which had been commenced before its passage, and where the real estate sold had not been alienated between February 8, 1878, and the passage of the act.

After mature advisement, and careful examination of the numerous cases cited at the bar, and giving due weight to the

strong presumption in favor of the validity of every act of the legislative department, all the judges feel themselves compelled by their judicial duty to declare that the statute in question exceeds the constitutional authority of the Legislature in two important respects.

First. The statute assumes to take away private property, without due process of law, and without compensation. While it is doubtless the duty of the citizen to pay all taxes legally assessed upon him for the support of the government, yet the validity of proceedings taking his land against his will in discharge of his tax depends upon no considerations of equity, but upon a strict compliance, on the part of the municipal officers, with the regulations previously prescribed by statute for the double purpose of securing the payment of the tax and of protecting the citizen against unnecessary sacrifice of his property. *Williams* v. *Peyton*, 4 Wheat. 77. The statutes under which the sales in question were made were framed to carry out this purpose by authorizing the collector to sell the whole land, or, if it was capable of division, any part of it; but giving him no power to sell an undivided interest therein. The notices given did not conform to those statutes, because they left it in doubt whether the collector intended to sell the whole of the land, as he lawfully might, or to sell an undivided part thereof, which he had no right to do. When such a notice is the only notice given, it cannot be presumed that the land brought an adequate price at the sale; for persons who might be ready to purchase the whole land might well be unwilling to purchase an undivided share which would make them tenants in common with a stranger, and might for that cause not attend the sale; and by reason of their absence, and for want of their bids, the price obtained might be the less, even if the collector should finally determine, at the moment of the sale, to put up and sell the whole lot.

Second. The statute is an attempt to exercise judicial power by the Legislature. It does not change the law for the future, nor establish a uniform rule for the past. While it undertakes to confirm past sales, made upon an illegal and insufficient notice, if no litigation has arisen concerning their validity, and the land has not been alienated since the decision of this court in

*Wall* v. *Wall*, it leaves sales already in litigation, or of lands which have been alienated since that decision, in the same condition in which they were before the statute was enacted. Its purport is to let the law, as declared by the decision of this court, apply to all future sales, and to all past sales coming within the two excepted classes; but, as to all other sales already made, to reverse the rule of law so declared, and to overrule that decision. It in effect declares that the title to land shall depend upon the questions, whether a suit to recover it has or has not been already commenced; whether the person who owned it at the time of the sale for taxes, relying on the terms of the statutes under which the sale was made, as showing that his title was unaffected thereby, or on the decision of this court as establishing that title, has kept his land, or has parted with it; and whether his grantee succeeded to his title before or since that decision. To illustrate: illegal sales for taxes have been made of two lots of land; the owner of one of them has brought an action to recover it before the passage of the statute; the owner of the other has not; the first recovers his land, the second loses it. Again: the owner of the one lot had alienated it before the decision in *Wall* v. *Wall*, or has kept it himself; the owner of the other lot has alienated it since that decision; in the first lot, the title of the owner or of his grantee is defeated; in the second, the title of the grantee is good.

We find it impossible to reconcile this statute with the fundamental principles, declared in the Constitution of the Commonwealth, that every subject has the right to be protected in the enjoyment of his property according to standing laws; that his property shall not be appropriated, even to public uses, without paying him a reasonable compensation therefor; that he shall not be deprived of his property or estate, but by the judgment of his peers or the law of the land; and that the legislative department shall never exercise the judicial power. Declaration of Rights, arts. 10, 12, 30.

There is nothing in the previous decisions of this court that requires or warrants a different conclusion. But as the scope and extent of some of those decisions have been misunderstood, a brief review of them may be convenient.

In *Grafton Bank* v. *Bickford*, 13 Gray, 564, proceedings in insolvency, had in a county in which the office of Judge of Insolvency was vacant, before the Judge of Insolvency of an adjoining county, were stayed by this court, upon the ground that it was not a case in which the Judge of Insolvency of the county was "from sickness, absence or other cause, unable to perform the duties required of him," within the meaning of the St. of 1856, *c.* 284, § 5. The Legislature afterwards, by the St. of 1860, *c.* 78, undertook to confirm all proceedings in insolvency so had, so far as they might be invalid for want of jurisdiction or authority in the judge. But that statute was held by this court to be unconstitutional, and therefore inoperative and void, not only as to the proceedings which had been stayed by the former judgment of this court, but likewise as to a case in which the order of a single justice staying the proceedings had been vacated by an appeal seasonably taken before the passage of the statute, so that at the time of its passage the case stood unaffected by any previous adjudication therein. *Denny* v. *Mattoon*, 2 Allen, 361. *Fayerweather* v. *Dickinson*, 2 Allen, 385 note.

In *Bacon* v. *Callender*, 6 Mass. 303, in which a statute providing that, in actions to recover lands which the tenant "now holds by virtue of a possession and improvement," he should be allowed for his improvements, was applied to actions pending at the time of its passage, the court merely held that the statute was as applicable to such actions as to those brought afterwards, and expressly reserved its opinion upon the general constitutionality of the statute, because that point had not been argued. In *Albee* v. *May*, 2 Paine, 74, a similar statute was upheld solely because the Constitution of the State of Vermont, in which the land was, contained no provision applicable to the case. But in other States, under constitutional provisions like those of our Declaration of Rights, such statutes have been held unconstitutional as applied to titles already vested. *Austin* v. *Stevens*, 24 Maine, 520. *Lambertson* v. *Hogan*, 2 Penn. St. 22. See also *Society for Propagation of Gospel* v. *Wheeler*, 2 Gallison, 105 ; *Albertson* v. *Landon*, 42 Conn. 209 ; *Webster* v. *Cooper*, 14 How. 488.

The early cases of *Walter* v. *Bacon*, 8 Mass. 468, *Patterson* v. *Philbrook*, 9 Mass. 151, and *Locke* v. *Dane*, 9 Mass. 360, in

which statutes confirming orders of courts of sessions extending the limits of jail yards beyond land owned by the county and the highways adjoining, which had been held by this court in *Baxter* v. *Taber*, 4 Mass. 361, to be illegal, were allowed a retrospective operation upon bonds already given for the liberty of the jail limits, and even where the debtor had gone beyond the legal jail limits before these statutes were passed, appear to have overlooked the distinction between the defining of those limits for the future, (which might well be held to be within the rightful authority of the Legislature and the meaning of previous bonds,) and the taking away of rights of action upon such bonds, which had accrued before the passage of the statute. To the extent of taking away such rights of action, they have not been approved in later cases. *Reed* v. *Fullum*, 2 Pick. 159. *Simmons* v. *Hanover*, 23 Pick. 188, 194. *Davison* v. *Johonnot*, 7 Met. 388, 396. *Wildes* v. *Vanvoorhis*, 15 Gray, 139, 148. *Denny* v. *Mattoon*, 2 Allen, 385.

General statutes changing joint tenancies into tenancies in common, the validity of which has been upheld as applied to tenancies existing at the time of their passage, merely cut off future rights of survivorship, and, while they give the tenant who dies first a more beneficial tenure than he had before, take nothing from the survivor which his cotenant might not himself defeat in his lifetime by conveying his own interest to a stranger or by suing for partition. *Miller* v. *Miller*, 16 Mass. 59. *Burghardt* v. *Turner*, 12 Pick. 534, 539. *Dunn* v. *Sargent*, 101 Mass. 336, 340. *Bambaugh* v. *Bambaugh*, 11 S. & R. 191. 4 Kent Com. 363, 364.

Special resolves of the Legislature, authorizing the sale of lands of minors or of trust estates, and the investing and holding of the proceeds upon the same uses and trusts as before, have been sustained, as merely providing for a change of investment. *Rice* v. *Parkman*, 16 Mass. 326. *Davison* v. *Johonnot*, 7 Met. 388. *Sohier* v. *Massachusetts General Hospital*, 3 Cush. 483. *Clarke* v. *Hayes*, 9 Gray, 426. *Watkins* v. *Holman*, 16 Pet. 25. *Leggett* v. *Hunter*, 19 N. Y. 445. *Norris* v. *Clymer*, 2 Penn. St. 277.

In *Foster* v. *Essex Bank*, 16 Mass. 245, the point decided was that a statute continuing corporations in existence for three

years after the time limited by their charters, for the purpose of suing and being sued, might constitutionally apply to existing corporations. In *Simmons* v. *Hanover*, 23 Pick. 188, the only question was whether this court could entertain jurisdiction of a bill in equity under a statute passed after the filing of the bill, and in terms ratifying proceedings already had. In each of those cases, the statute affected no vested right, but matter of remedy only.

The other cases in which retrospective statutes have been sustained in this court and in the Supreme Court of the United States, (without considering whether all of the latter which arose in other States could have been decided in the same way under the Constitution of this Commonwealth,) are distinguishable from the cases at bar, and may be classified as follows:

1st. Cases of statutes confirming sales of land under order of court for an adequate consideration, where there was a want of jurisdiction in the court, or the deed was irregularly made to another person than the actual bidder, or the sale was after the time limited in the license, or the confirming statute was passed upon the petition of all parties having the legal title. *Wilkinson* v. *Leland*, 2 Pet. 627, 661, and 10 Pet. 294. *Kearney* v. *Taylor*, 15 How. 494. *Cooper* v. *Robinson*, 2 Cush. 184, 190. *Sohier* v. *Massachusetts General Hospital*, 3 Cush. 483.

2d. Cases of statutes confirming conveyances by an executor or trustee under a will, where the only objection was to the manner of his previous appointment and giving bond, which might perhaps not be open to be contested in a collateral proceeding, even if no such statute had been passed. *Weed* v. *Donovan*, 114 Mass. 181. *Bradstreet* v. *Butterfield*, ante, 339. *Bassett* v. *Crafts*, ante, 513. Such statutes are somewhat analogous to statutes confirming deeds acknowledged before a person acting as a magistrate, whose commission as such had expired, which could not have been questioned collaterally, he being an officer *de facto*. *Brown* v. *Lunt*, 37 Maine, 423. *Denny* v. *Mattoon*, 2 Allen, 384. *Sheehan's case*, 122 Mass. 445, 447. *Hussey* v. *Smith*, 99 U. S. 20, 24.

3d. Cases of statutes curing defects in the execution of private deeds and instruments, so as to give them effect according to the intention of the parties and the equities of the case.

*Randall* v. *Kreiger*, 23 Wall. 137. *Wildes* v. *Vanvoorhis*, 15 Gray, 139. *Denny* v. *Mattoon*, 2 Allen, 377, 378, 383.

4th. Cases of statutes confirming votes of towns for municipal or public purposes, which are within the paramount control of the Legislature. *Thomson* v. *Lee County*, 3 Wall. 327. *Beloit* v. *Morgan*, 7 Wall. 619. *New Orleans* v. *Clark*, 95 U. S. 644. *Guilford* v. *Supervisors of Chenango*, 3 Kernan, 143. *Allen* v. *Archer*, 49 Maine, 346. *Freeland* v. *Hastings*, 10 Allen, 570.

5th. Cases of statutes confirming informal or irregular assessments of taxes, so that they might be collected in the future, but not undertaking to give force to illegal seizures or sales of property already made. *Mattingly* v. *District of Columbia*, 97 U. S. 687. *Grim* v. *Weissenberg School District*, 57 Penn. St. 433. *Hart* v. *Henderson*, 17 Mich. 218.

6th. Cases in which the only point before the court was whether the statute in question contravened the Constitution of the United States, as being an *ex post facto* law, or a law impairing the obligation of contracts. *Calder* v. *Bull*, 3 Dall. 386. *Satterlee* v. *Matthewson*, 2 Pet. 380. *Watson* v. *Mercer*, 8 Pet. 88. *Charles River Bridge* v. *Warren Bridge*, 11 Pet. 420. *Baltimore & Susquehanna Railroad* v. *Nesbit*, 10 How. 395. *Carpenter* v. *Pennsylvania*, 17 How. 456. *Florentine* v. *Barton*, 2 Wall. 210.

The other cases in the courts of various States, cited in argument, afford no precedent for the action of the Legislature in the statute before us, depend much upon the Constitutions and usages of the several States, and cannot be examined in detail without extending this opinion to too great a length.

The result is, that in *Forster* v. *Forster* the bill in equity by the owner of the land, to remove a cloud upon the title by reason of a sale for taxes under a defective notice, is maintained. *Davis* v. *Boston*, *ante*, 377. *Decree for the plaintiff.*

In *Tucker* v. *Deshon*, the bill is to remove a cloud upon the plaintiff's title by reason of sales for taxes in 1875, 1876, 1877 and 1878, the notice of the last of which only was in due form. The only objection to the validity of this sale is that the tax was assessed to Caroline W. Flagg, who, the plaintiff contends, was neither the owner nor in possession of the land on May 1, 1877, as required by the Gen. Sts. *c.* 11, § 8. But it appears by

the facts agreed that she became the owner of the land under a deed from Martin Batty, which was duly recorded on April 1, 1874, and that, although she executed a deed reconveying the land to Batty on October 26, 1875, this deed was not recorded until November 14, 1878. By the Gen. Sts. *c.* 89, § 3, no conveyance of real estate is " valid and effectual against any person other than the grantor, and his heirs and devisees, and persons having actual notice thereof, unless it is made by a deed recorded." As the city is not shown to have had any notice of the unrecorded deed, the tax of 1877 might lawfully be assessed to the person who had previously been, and who by the records appeared still to be, the owner of the land. But so far as relates to the sales made by the collector in 1875, 1876 and 1877, the case stands like *Forster* v. *Forster*, and there must be a

*Decree for the plaintiff.*

In *Baldwin* v. *Union Institution for Savings*, in which the demandant in a writ of entry claims title under the tax sale, the judgment on the agreed statement of facts for the tenant must be *Affirmed.*

In *Ely* v. *Dean*, in which the tenant claims title under the tax sale, his exceptions must be *Overruled.*

In *Slocum* v. *Boston*, the plaintiff brings an action of contract under the St. of 1862, *c.* 183, § 6, which provides that the deed of a collector under the Gen. Sts. *c.* 12, § 35, shall contain a special warranty that the sale has in all particulars been conducted according to the provisions of law ; " and, if it should subsequently appear that, by reason of any error, omission or informality in any of the proceedings of assessment or sale, the purchaser has no claim upon the property sold, there shall be paid to said purchaser, upon his surrender and discharge of the deed so given, by the town or city whose collector executed said deed, the amount paid by him, together with ten per cent interest per annum on the same, which shall be in full satisfaction of all claims for damages for any defect in the proceedings." The plaintiff, having bought and paid for lands, and received such deeds from the collector, upon two sales for taxes under defective notices, offered, before bringing this action, to surrender and discharge those deeds, but the city refused to accept such discharge and surrender. He is therefore, by the terms of the

statute, entitled to recover the amounts paid by him, with interest at the rate of ten per cent; and such interest, given by statute by way of damages, is to be computed at that rate to the time of the judgment. *Union Institution for Savings* v. *Boston, ante*, 82.                    *Judgment for the plaintiff accordingly.*

In *Prentice* v. *Worcester*, which is a petition to recover damages for the taking of land for a highway, the petitioner claims title, 1st, under a deed to himself from the collector in 1876, upon a sale for taxes; 2d, under a deed from the collector to the city in 1874, according to the St. of 1862, *c.* 183, § 3, upon a previous sale for taxes, and a deed by which in 1876 the city released to the plaintiff " all title and interest accrued under and by virtue of " the deed from the collector to the city. The notices of both the sales for taxes having the same defects as in the other cases, the deeds of the collector passed no title to the plaintiff or to the city, and the release of the city, containing no covenants, passed no title to the plaintiff, and there must be

*Judgment on the verdict for the respondent.*

The cases were argued by *H. W. Bragg*, for Louisa Forster, and *C. W. Turner*, for Edward J. Forster; by *C. Allen & J. Fox*, for Tucker, and *N. Morse & T. M. Babson*, for Deshon; by *S. W. Clifford, Jr.*, for Baldwin, and *J. C. Crowley & J. A. Maxwell*, for the Union Institution for Savings; by *J. W. Hubbard*, for Dean, and *F. D. Ely, pro se*; by *C. A. Williams*, for Slocum, and *T. M. Babson*, for the City of Boston; and by *F. P. Goulding & W. A. Gile*, for Prentice, and *F. P. Blackmer*, for the City of Worcester.

In addition to some of the cases referred to in the opinion, there were cited, in support of the validity of the St. of 1878, *c.* 229, the following authorities: *Goshen* v. *Stonington*, 4 Conn. 209. *Mather* v. *Chapman*, 6 Conn. 54. *Beach* v. *Walker*, 6 Conn. 190. *Norton* v. *Pettibone*, 7 Conn. 319. *Thames Manuf. Co.* v. *Lathrop*, 7 Conn. 550. *Bellows* v. *Weeks*, 41 Vt. 590. *Jackson* v. *Gilchrist*, 15 Johns. 89, 114. *State* v. *Fuller*, 5 Vroom, 227. *Strauch* v. *Shoemaker*, 1 Watts & Serg. 166. *Tate* v. *Stooltzfoos*, 16 S. & R. 35. *Chestnut* v. *Shane*, 16 Ohio, 599. *Butler* v. *Toledo*, 5 Ohio St. 225. *Brevoort* v. *Detroit*, 24 Mich. 322. *Fairfield* v. *People*, 94 Ill. 244. *In re Goodell*, 39 Wis. 232. *Allen* v.

*Armstrong*, 16 Iowa, 508. *Boardman* v. *Beckwith*, 18 Iowa, 292. *McCready* v. *Sexton*, 29 Iowa, 356. *Iowa Railroad* v. *Soper*, 39 Iowa, 112. *Todd* v. *Clapp*, 118 Mass. 495. *Commonwealth* v. *Hamilton Manuf. Co.* 120 Mass. 383. Cooley Const. Lim. 107, 307, 371. Sedgw. St. & Const. Law, 640. Bacon De Augm. Scient. lib. 8, c. 3, aphor. 47–51.

Against the validity of the statute were cited the following additional cases: *Ogden* v. *Blackledge*, 2 Cranch, 272. *United States* v. *Klein*, 13 Wall. 128, 143. *Davidson* v. *New Orleans*, 96 U. S. 97. *Holden* v. *James*, 11 Mass. 396. *Blanchard* v. *Russell*, 13 Mass. 1, 14. *King* v. *Dedham Bank*, 15 Mass. 447. *Medford* v. *Learned*, 16 Mass. 215. *Holyoke* v. *Haskins*, 5 Pick. 20. *Picquet, appellant*, 5 ·Pick. 65. *Wheelwright* v. *Greer*, 10 Allen, 389. *Simonds* v. *Simonds*, 103 Mass. 572. *White* v. *White*, 105 Mass. 325. *Sparhawk* v. *Sparhawk*, 116 Mass. 315. *Connecticut River Railroad* v. *County Commissioners*, 127 Mass. 50, 57. *Kennebec Proprietors* v. *Laboree*, 2 Greenl. 275. *Lewis* v. *Webb*, 3 Greenl. 326. *Oriental Bank* v. *Freese*, 18 Maine, 109. *Beach* v. *Walker*, 6 Conn. 190. *Booth* v. *Booth*, 7 Conn. 350. *Hubbard* v. *Brainard*, 35 Conn. 563. *Hill* v. *Sunderland*, 3 Vt. 507. *Dash* v. *Van Kleeck*, 7 Johns. 477. *Taylor* v. *Porter*, 4 Hill, 140. *Parmelee* v. *Thompson*, 7 Hill, 77. *Powers* v. *Bergen*, 2 Selden, 358. *People* v. *Supervisors*, 16 N. Y. 424. *Pell* v. *Ulmar*, 21 Barb. 500, and 18 N. Y. 139. *Hopkins* v. *Mason*, 61 Barb. 469. *Williamson* v. *New Jersey Railroad*, 2 Stew. (N. J.) 311, 334. *O'Connor* v. *Warner*, 4 Watts & Serg. 223. *Norman* v. *Heist*, 5 Watts & Serg. 171. *Hepburn* v. *Curts*, 7 Watts, 300. *Hillyard* v. *Miller*, 10 Penn. St. 326, 328. *Greenough* v. *Greenough*, 11 Penn. St. 489. *Snyder* v. *Bull*, 17 Penn. St. 54, 58. *McCarty* v. *Hoffman*, 23 Penn. St. 507. *Reiser* v. *William Tell Association*, 39 Penn. St. 137. *Shonk* v. *Brown*, 61 Penn. St. 320, 327. *Alter's appeal*, 67 Penn. St. 341. *Haley* v. *Philadelphia*, 68 Penn. St. 45. *Connell* v. *Connell*, 6 Ohio, 353, 358. *Silliman* v. *Cummins*, 13 Ohio, 116. *Groesbeck* v. *Seeley*, 13 Mich. 329. *Case* v. *Dean*, 16 Mich. 12. *Walpole* v. *Elliott*, 18 Ind. 258. *Wantlan* v. *White*, 19 Ind. 470. *White* v. *Flynn*, 23 Ind. 46. *Marsh* v. *Chestnut*, 14 Ill. 223. *McDaniel* v. *Correll*, 19 Ill. 226. *Conway* v. *Cable*, 37 Ill. 82. *Wilson* v. *McKenna*, 52 Ill. 43. *Reed* v. *Tyler*, 56 Ill. 288

*Orton* v. *Noonan*, 23 Wis. 102. *Nelson* v. *Rountree*, 23 Wis. 367. *Brinton* v. *Seevers*, 12 Iowa, 389. *Penn* v. *Clemans*, 19 Iowa, 372. *McCready* v. *Sexton*, 29 Iowa, 356. *McComb* v. *Bell*, 2 Minn. 295. *Thompson* v. *Morgan*, 6 Minn. 292. *National Bank* v. *Iola*, 9 Kans. 689. *Wright* v. *Cradlebaugh*, 3 Nev. 341. *Baltimore* v. *Horn*, 26 Md. 194. *Seibert* v. *Linton*, 5 W. Va. 57. *Wally* v. *Kennedy*, 2 Yerger, 554. *Governor* v. *Porter*, 5 Humph. 165. *Calhoun* v. *McLendon*, 42 Ga. 405. *Hitchcock* v. *Way*, 6 Ad. & El. 943.

Against the validity of the assessment of the tax, for nonpayment of which the fourth sale in *Tucker* v. *Deshon* was made, were cited: *Desmond* v. *Babbitt*, 117 Mass. 233. *Marshall* v. *Fisk*, 6 Mass. 24. *Belchertown* v. *Dudley*, 6 Allen, 477. *Conway* v. *Ashfield*, 110 Mass. 113.