HELEN W. G. NOTT *vs.* C. T. SAMPSON MANUFACTURING COMPANY.

Berkshire.    Sept. 14, 15. — Oct. 22, 1886.    DEVENS, W. ALLEN, & C. ALLEN, JJ., absent.

In 1863, a ward's interest in land was sold by his guardian under a license from the Probate Court, of which proper notice was not given. The sale was conducted in good faith. All the other interests in the land were sold at the same time, and the land brought its full value. Expensive improvements were subsequently made upon the land by the purchasers, without knowledge of any defect in the title. The guardian charged himself with the proceeds of the sale in his account, and was charged by the court. Suit was brought on his bond by a subsequently appointed guardian, which was prosecuted by the ward after he became of age in 1882. *Held,* that these facts constituted an equitable defence, under the St. of 1883, *c.* 223, § 14, to a writ of entry, brought by the ward in 1885, to recover his interest in the land.

If a guardian's sale under a license of the Probate Court is void on account of a defective notice, it may be confirmed by a proceeding in equity under the Pub. Sts. *c.* 142, § 22, although made before the passage of the St. of 1873, *c.* 253, § 3, of which § 22 of the Pub. Sts. *c.* 142, is a reënactment.

HOLMES, J.    This is a writ of entry, dated December 3, 1885, to recover one eighth of two ninths of a parcel of land in North Adams, which descended to the demandant as one of the heirs of Samuel H. Gaylord. The demandant was born on May 15, 1861. On November 21, 1863, her guardian, who was also her father, sold the demanded premises, in pursuance of a license from the Probate Court, and the tenant is a subsequent grantee of the premises thus conveyed. The demandant seeks to recover on the ground that the notice of the guardian's sale was bad, especially in not setting forth sufficiently the time and place of the sale. The words were, "On Saturday, Nov. 21st, 1863, at North Adams, Mass., Berkshire." The tenant alleges that the notice was sufficient, but more particularly relies on an equitable defence, under the St. of 1883, *c.* 223, § 14,* based on the facts that the sale was conducted fairly and in good faith; that it took place at the same time the other interests were sold; that the land

_____

* " In actions at law, . . . . the defendant shall be entitled to allege as a defence any facts that would entitle him in equity to be absolutely and unconditionally relieved against the plaintiff's claim or cause of action."

brought its full value; that expensive improvements have been made upon the land by the original and by subsequent purchasers, without knowledge of any defect in their title, or claim on the part of the demandant; that the guardian charged himself with the proceeds of the sale in his account, and was charged by the court, although an appeal was taken from the decree of the Probate Court by one of the sureties on the guardian's bond; and that suits were brought on the guardian's bond by a subsequently appointed guardian, which were prosecuted by the demandant after she became of age, on May 15, 1882. "She knew in substance what they were doing and trying to do," although neither she nor her counsel had their attention called to the question of the validity of the sale until May 7, 1885, and she did not personally know that the funds received by her father were the proceeds of that sale until July of the last-named year.

The court ruled, that the notice was insufficient, that the guardian's sale did not pass the ward's title, and that the demandant was not estopped from contesting the validity of that sale, or from maintaining this action against the tenant. The court found for the demandant, and the report reserves the question whether the rulings and finding were correct.

We understand the report to be intended to raise the question whether the facts disclose any equitable defence, and not simply whether they show such an equitable defence as, in strictness, is to be stated in terms of estoppel. We gather this construction from the reservation as to the finding, as well as from the last ruling.

If the sale was void by reason of defects in the notice, a case is presented for a confirmation of the sale under the Pub. Sts. c. 142, § 22, if that statute applies to sales made before its passage. For it appears that the defects in the notice did the demandant no harm, that the sale was made in good faith and was advantageous to the demandant, that the purchaser paid full value, and that expensive improvements have been made without knowledge of any defect in the title. These facts would seem to be enough, of themselves, apart from the other facts which we have stated as relied on by the tenant. See *Chandler* v. *Simmons*, 97 Mass. 508, 511.

The demandant suggests, that to apply the Pub. Sts. *c.* 142, § 22, to sales made before the act which it embodies was passed,* would be to give it a retrospective effect. But this is hardly correct, even technically, and not at all in the sense which makes retrospective statutes objectionable. The statute provides for future proceedings to confirm acts void when the proceedings are instituted. The confirmation takes place after the statute. The evil sought to be cured is as great when the defect existed before the statute was passed, as when the void act was done afterwards. The defect is no greater, and there is no more a vested right to insist upon it, in the one case than in the other. A statute may lawfully correct or authorize the correction of existing defects of form. *Weed* v. *Donovan,* 114 Mass. 181. When therefore a statute purports to authorize the correction of such defects, in general terms, (" when an act is void,") it is properly construed to apply to defects then existing, as well as to subsequent ones.

It was asked if the deed could be confirmed in this way without a suit brought by the tenant for that purpose. Perhaps not. But when facts appear which would warrant a confirmation and an injunction against proceeding with this action if the tenant brought a bill, they constitute an equitable defence none the less that a bill is still necessary before the tenant can receive affirmative relief. It is only in their negative aspect that they are relied on here.

If the sale was not void, but only voidable, and if for that reason it is not within § 22, still the principle on which the relief of confirmation is granted in the case of a grave defect would seem to apply, with stronger reason, to give an equitable defence when the defect is of too little importance to be covered by the statute. See also § 23.

There is no doubt that the defence is equitable in its nature, both by the express words of § 22, and by the analogy of cases decided apart from statute. *Wortman* v. *Skinner,* 1 Beasley, 358, 379. *De Riemer* v. *Cantillon,* 4 Johns. Ch. 85. *M'Pherson* v. *Cunliff,* 11 S. & R. 422, 426–429. *Wilson* v. *Bigger,* 7 Watts & S. 111, 125. *Smith* v. *Warden,* 19 Penn. St. 424. *Spragg* v. *Shriver,*

* St. 1873, *c.* 253, § 3.

25 Penn. St. 282.  *McKee* v. *Hann*, 9 Dana, 526, 541.  *Dickinson* v. *Durfee*, 139 Mass. 232.            *Judgment for the tenant.*

*H. L. Dawes & M. Wilcox*, (*J. Dewey* with them,) for the tenant.

*D. W. Bond*, (*D. Hill & J. A. Wainwright* with him,) for the demandant.