## The Inhabitants of DEERFIELD *versus* PLINY ARMS.

If a submission to arbitration, corresponding in form with the provisions of the statute and containing the usual stipulation, that upon the award being reported to the Court of Common Pleas the judgment thereon shall be final, is inoperative as a submission under the statute, the award cannot be enforced as an award upon a submission at common law.

THIS was an action of debt on an award upon a submission purporting to be under the statute. The submission was in the form prescribed by Revised Stat. *c.* 114, § 2, referring the matters in controversy to " the determination of Rufus Saxton, Esquire, the award of whom being made and reported within one year from this day to the Court of Common Pleas for the county of Franklin, judgment thereon to be final," &c. The submission was dated July 25, 1837, and was acknowledged on the same day before Rufus Saxton as justice of the peace.

The arbitrator made an award in favor of the plaintiffs, which was reported to the Court of Common Pleas, and at the November term 1837, of that court, the defendant objected to the acceptance of the award, for this reason, (among others,) namely, because the agreement to submit the case was signed and acknowledged by the parties before Rufus Saxton, a justice of the peace, who was, by the agreement, made sole arbitrator in the case. And the Court of Common Pleas, being of opinion that it had no jurisdiction of the cause, ordered that it be dismissed.

*Sept.* 27*th.*    *Wells, Alvord* and *Davis,* for the plaintiffs, contended that although the submission was ineffectual under the statute, being entered into before the arbitrator himself, the award was nevertheless good at common law. Analogous cases are to be found, relating to indentures of apprenticeship, replevin bonds, gaol bonds, bonds to a judge of probate, and deeds of conveyance. *Morse* v. *Hodsdon,* 5 Mass. R. 314 ; *Arnold* v. *Allen,* 8 Mass. R. 147 ; *Clap* v. *Guild,* 8 Mass. R. 153 ; *Thomas* v. *White,* 12 Mass. R. 367 ; *Marshall* v. *Fish,* c

Mass. R. 24 ; *Pray* v. *Peirce*, 7 Mass. R. 381. The case re- sembles that of an agreement between parties, with a stipulation that any dispute arising out of it shall be referred to arbi- trators ; the contract is valid, though the court will not enforce the stipulation for an arbitration. Here the parties agree that the award shall be reported to the Common Pleas. This part of the submission is void, but it does not destroy the award ; it only affects the mode of enforcing it. *Doe* v. *Richardson*, 8 Taunt. 697 ; *Aitchison* v. *Cargey*, 13 Price, 639 ; *S. C.* 2 Bingh. 199.

*Billings* and *H. G. Newcomb*, for the defendant.

<em>Deerfield<br>v.<br>Arms.</em>

D E W E Y J. delivered the opinion of the Court. It appears from the facts stated, that the parties to the present suit agreed to submit certain matters in controversy to an arbitrator, under the provisions of the Revised Statutes, c. 114. The submis- sion was in its form entirely corresponding with the provisions of the statute, and contained the usual stipulation that the re- port of the arbitrator should be made to the Court of Common Pleas, and that judgment thereon should be final. But inas- much as the submission to the arbitrator was acknowledged be- fore the person named as arbitrator, acting in his capacity of justice of the peace, it was ineffectual as a proceeding under the statute, it not being competent for the person proposed as arbitrator, to give himself jurisdiction of the case, by an act of his own in another capacity, as was held in *Drew* v. *Canady*, 1 Mass. R. 158. Under this submission the arbitrator made an award in favor of the plaintiffs, which being returned to the Court of Common Pleas, that court refused to enter a judg- ment upon the award accepting the same, but dismissed the action on the ground that they had no jurisdiction of the case.

*Sept 29th*

The plaintiffs now seek to enforce their claim as on an award upon a submission at common law, and declare upon the sub- mission as if the same had been made to the arbitrator named in it, without any reference to the statute, or the stipulation that the award shall be returned to the Court of Common Pleas for acceptance and final judgment thereon. It is very obvious that this is changing the form and character of the sub- mission from the original purpose and design of the parties, but the plaintiffs claim the right thus to enforce the award, be-

Deerfield
*v.*
Arms.

cause the submission, being inoperative under the statute, can in this way only be rendered effectual. This position is attempted to be maintained by decisions of this Court in cases supposed to be analogous. It is urged that the rule of law which has been often applied in the construction of conveyances of real estate, that if they cannot operate in the precise manner indicated in the form adopted by the parties, by reason of some technical rule, yet effect should be given to them in some other way, furnishes a strong analogy favorable to the views of the plaintiffs in the present case. But we think that this doctrine is not to be so applied as to change the contract in a manner that will operate more prejudicially to a grantor than was intended by him. The rule is only adopted for the purpose of carrying into effect the intent of the parties. In the earliest reported case in which this principle was applied in this Court, *Marshall* v. *Fisk*, 6 Mass. R. 24, it was stated thus : " A conveyance of land by deed may here be considered as any species of conveyance necessary to carry into effect the intent of the parties to the deed, and not repugnant to the terms of it." It is only under this limitation that the rule has been applied, and in all such cases it has been a cardinal principle, that the effect given to the contract is not in violation of the object and purpose of the party executing it.

The decision of this Court in the case of *Thomas* v. *White* 12 Mass. R. 367, sustaining a suit upon a bond given to the judge of probate as a good bond at common law, where the bond was extra-official and not in pursuance of the statute, although intended by the obligor as a probate bond, is also supposed to furnish a precedent for the application of the doctrine urged by the plaintiff. That case may seem on the first impression to present a question somewhat analogous, as the rights of the parties may be said to be affected by changing the character of the bond to the judge of probate from that of a statute bond to one at common law, inasmuch as by the provisions of our statute all suits on probate bonds are to be originally instituted in the Supreme Judicial Court, while a suit on a bond to the judge of probate which is only good at common law, must be commenced in the Court of Common Pleas. But the provision that a suit on a probate bond shall be insti-

tuted in the Supreme Judicial Court, is merely a statute regulation as to the remedy. It forms no part of the contract, that any action that may be commenced on such a bond shall be originally instituted in one court rather than another. The legal forum, as respects any remedy sought to enforce it, may be changed at the will of the legislature, without impairing the contract or violating any rights of the obligor of such a bond.

Another class of cases alluded to by the counsel for the plaintiffs, is that of gaol bonds not conformable in all respects to the statute on that subject, and which yet have been held good. Also in the case of replevin bonds, it is said that these have been sometimes considered as good at common law, where they were not made in accordance with the statute. But in all these cases, as well of gaol bonds as replevin bonds, I apprehend it will be found, that the circumstance that the form of the bond varied from the statute, and thus changed its character from a statute bond to one at common law, did not so vary its effect as in any manner to interfere with the rights of the obligor, by imposing upon him any greater liabilities, or depriving him of any stipulations in his favor.

Do these decisions, or the principle sanctioned by them, furnish any sufficient authority for sustaining the present action? If the law be as is claimed by the plaintiffs, it is difficult to perceive any good reason why in all cases of awards upon submissions under the statute, which have been found defective in form, they might not have been enforced as awards at common law. Cases of awards that have been rejected by the Court on account of some informality in the submission in not pursuing the requisitions of the statute, are of frequent occurrence, but I am not aware of any attempt to enforce them afterwards by suit, as awards upon a submission at common law.

To hold that the defendant is liable upon the submission as upon an agreement for arbitration at common law, and that he thereby stipulated to submit the matters in controversy between himself and the plaintiffs to the sole determination of Mr. Saxton without subjecting his proceedings to the supervision of the Court of Common Pleas, would be to substitute another and a very different contract from that into which he entered. It would be inconsistent with the language of the submission, and

Deerfield
v.
Arms.

would deprive the defendant of a right reserved to himself in the most explicit manner.   No principle is better settled, than that the agreement of the parties to the submission is to be strictly observed respecting the persons authorized to decide.

The submission being defective as a submission under the statute for want of an acknowledgment before a justice of the peace, competent to act in the case, is wholly inoperative.   It being so, the plaintiffs cannot maintain an action at common law upon any award made upon it, and it becomes unnecessary to consider the other objections taken to the award.

*Plaintiffs nonsuit.*