INHABITANTS OF CONWAY *vs.* INHABITANTS OF ASHFIELD.

The owner of land, for a consideration paid by A. and B., executed and delivered a deed of the land to A. and B., reserving and giving to C. the use of the land during his life, to have and to hold the land to A. and B. and their heirs, to their use. C. entered upon the land under the deed, and occupied it for three years successively. *Held*, that he had an equitable freehold in the land, and had acquired a settlement in the town where the land lay, although the deed was not recorded.

CONTRACT to recover money expended in 1869 and 1870 for the support of Elijah Alden, a pauper. The case was submitted to the judgment of the Superior Court, and, on appeal, of this court, on agreed facts substantially as follows:

Henry Alden, Jr., by deed dated December 7, 1863, acknowledging the receipt of $200 paid by Charles E. Alden and Herbert A. Alden, minor sons of Elijah Alden, as the consideration, con-

veyed a parcel of land in Conway to Charles E. Alden and Her-bert A. Alden, "reserving and giving to Elijah Alden aforesaid the use of the premises during his natural life, he paying all taxes assessed on the same. To have and to hold the above granted premises, with all the privileges and appurtenances to the same belonging, to the said Charles E. and Herbert A., their heirs and assigns, to their use and behoof forever."

The deed was duly delivered, and Elijah Alden entered under it upon the premises described therein and lived thereon, paying all taxes assessed thereon, for more than three years successively before the expenses mentioned in the declaration were incurred. These expenses were incurred at the dates mentioned in the declaration. The deed was recorded July 8, 1870. If Elijah Alden gained a settlement in Conway before the expenses before mentioned were incurred, by living on the premises as aforesaid, judgment to be rendered for the defendants; otherwise for the plaintiffs for the sum claimed in the declaration.

*G. M. Stearns*, (*S. O. Lamb* with him,) for the plaintiffs.

*W. S. B. Hopkins*, for the defendants.

WELLS, J. We are of opinion that the clause in the deed, "reserving and giving" to Elijah Alden "the use of the premises during his natural life," did not operate to vest in him any legal estate. It could not so operate, as a reservation or exception, because he was not the grantor; nor as a grant of an interest excepted, because he is not a party to the deed, in any legal sense; nor as a covenant to stand seised to his use, because there is a bargain and sale of the entire estate to the grantees named in the deed, of whom he is not one; nor as a feoffment to uses, because there is a valuable consideration paid by the grantees, and a ful declaration of uses in their favor. When the uses are thus de clared in the first taker, the statute of uses has never been held to execute a second use charged upon the first. 2 Washburn Real Prop. 114. Williams on Real Prop. 134, 165. *Marshall* v. *Fisk*, 6 Mass. 24. *Thatcher* v. *Omans*, 3 Pick. 521. *Hunt* v. *Hunt*, 14 Pick. 374.

But the clause in the deed is sufficient to charge the estate, in the hands of the grantees, with a trust for the benefit of Elijah

Alden. The acceptance of the deed is an assent to the trust so declared, and binds the grantees to its fulfilment. Such an interest in land, in trust, is an estate of freehold, within the intent of the statutes relating to the settlement of paupers. St. of 1821, *c*. 94, § 2. Gen. Sts. *c*. 69, § 1, *cl*. 4. *Scituate* v. *Hanover*, 16 Pick. 222. *Randolph* v. *Norton*, 16 Gray, 395.

The want of record of the deed, at the time of the occupation, did not prevent the acquisition of a settlement. *Belchertown* v. *Dudley*, 6 Allen, 477.

The case therefore shows a settlement in Conway ; and there must be *Judgment for the defendants.*