### ANDREW J. SMITH *vs.* VASHTI W. ANGELL *et al.*

Under Gen. Stat. R. I. cap. 154, § 7, which authorizes courts of probate to appoint guardians of idiots, lunatics, &c., jurisdiction depends on either residence or legal settlement. Settlement having no preference over residence as a ground of jurisdiction.

Under Gen. Stat. R. I. cap. 64, § 1, Pub. Stat. R. I. cap. 70, § 1, an equitable estate of inheritance or freehold gives a legal settlement just as a legal estate would give it.

Under Gen. Stat. R. I. cap. 154, § 29, guardians, with the advice of the Court of Probate, may compromise claims affecting the estate of their wards. This power is broadly given and is to be construed broadly. A compromise so made will be upheld although it charges the ward's estate with new liabilities.

BILL IN EQUITY to foreclose a mortgage. The facts involved are stated in the opinion of the court.

*June* 16, 1883. DURFEE, C. J. This is a suit for the foreclosure of a mortgage given by Elisha C. Mowry, as guardian of the person and estate of Vashti W. Angell, on the estate of his ward, under leave granted on his application by the Court of Probate of the town of North Providence.

The suit is contested on two grounds. The first ground is that the Court of Probate of North Providence, from which Mowry received his appointment as guardian, had no jurisdiction to appoint him, because the said Vashti had not at the time any legal settlement in the town. The appointment was made under Gen. Stat. R. I. cap. 154, § 7, which provides that " whenever any idiot or lunatic, or person *non compos mentis*, . . . shall reside or have a legal settlement in any town, the Court of Probate of such town shall have the right to appoint a guardian of the person and estate of such person, and of the estate, within this State, of such person resident without this State." Vashti W. Angell was a resident of the town of North Providence when application was made for the appointment of Mowry as her guardian, and when he was appointed. In the application she was described as " of North Providence," and in the final decree, entered on appeal in this court, it was recited that she was a resident of North Providence. The contention is that the said Vashti, at the time of the application, had her legal settlement in the city of Providence, and that, such being the case, her residence in North Providence would not give the Court of Probate there jurisdiction. We do not think the position is tenable. The jurisdiction is conferred on the Court

of Probate of the town in which the person, in whose behalf the guardianship is asked, either resides *or* has his legal settlement. Settlement has no preference over residence as a ground of jurisdiction. In fact the jurisdiction is the more likely to be based on residence, questions of settlement being frequently doubtful and difficult. But if a settlement were necessary, we think the said Vashti had her settlement as well as her residence in North Providence. In January, 1870, she resided there with her husband. He died January 31, 1870. After his death she continued to reside in North Providence until the guardianship was applied for, October, 1874, more than four years. It is admitted that from March, 1861, to July 7, 1873, the said Vashti was the equitable owner in fee of an estate in North Providence sufficient to give her a legal settlement in that town, if an equitable ownership could give her a legal settlement; and that since July 7, 1873, by conveyance from her trustees, she has been the legal owner of the same estate. The only question, therefore, is whether an equitable ownership will suffice to give a legal settlement. We think it will suffice. The statute, Gen. Stat. R. I. cap. 64, § 1, clause fifth; Pub. Stat. R. I. cap. 70, § 1, clause fifth,[1] does not distinguish between legal and equitable ownership, but, the other conditions being fulfilled, only requires that the person shall have " an estate of inheritance or freehold." And in Massachusetts, the statute of which State closely resembles ours, it has been determined by repeated decisions that an equitable is as effectual as a legal estate to give a settlement. *Orleans* v. *Chatham*, 2 Pick. 29 ; *Scituate* v. *Hanover*, 16 Pick. 222 ; *Inhabitants of Randolph* v. *Inhabitants of Norton*, 16 Gray, 395 ; *Conway* v. *Ashfield*, 110 Mass. 113.

The second ground on which the suit is contested is, that the mortgage was given to raise money, not only to pay debts per-

---

[1] As follows:

" Every person of twenty one years of age, having an estate of inheritance or freehold in the town where he shall dwell and have his home, of the yearly income of twenty dollars over and above the interest of any mortgage which shall be thereon, and taking the rents and profits thereof for three years successively, whether he live thereupon or not, shall thereby gain a settlement therein."

sonally incurred by the ward, but also liabilities assumed by the guardian in her behalf under a compromise. It appears that William P. Angell, the husband of Vashti, died leaving three children, two sons, one of them being a minor, and a daughter soon married. He left certain real estate, situated in the city of Providence, which the children and Vashti greatly improved, erecting new buildings thereon at an expense of nearly $25,000. Nearly $20,000 of this sum was either furnished by Vashti or raised on her credit, her claim for which against the children, being unsecured, was extremely doubtful and precarious. In these circumstances the guardian arranged a compromise under which the real estate in Providence was to be conveyed to Vashti, and she was to assume the debts to which it was subject, including debts of her late husband, and of one of her two sons, who had died after his father, the two other children to have each an annuity of $600. The compromise was approved by the Court of Probate of North Providence, and has been or is being carried out, money having been raised for the purpose on this and another mortgage.

The defendants contend that the compromise was void, being beyond the authority of either the guardian or court. Authority to compromise is given by Gen. Stat. R. I. cap. 154, § 29. The section reads as follows :

"Every guardian may, under the advice and direction of the Court of Probate appointing such guardian, adjust by compromise any claims in favor of or against the estate of the wards by them represented."

The language is broad and comprehensive, and it should be construed broadly, as it would be naturally construed by courts of probate. The compromise here was doubtless made by the guardian and sanctioned by the court in good faith, in the belief that they had the power under the section. We do not see that they erred in so believing. The creation of new liabilities is a common incident to compromises. The General Assembly, in granting the power so broadly, doubtless relied on the courts of probate to restrain it within proper limits. The power, however, being given, the compromise is valid, even if unwisely made. We may add that the evidence does not show that it was unwisely made, or

that it has not turned out to be greatly to the advantage of Vashti W. Angell.

Our conclusion is that the mortgage is valid, and that the case must go to a master to take the account and ascertain the amount that is due upon it.

Final decree entered *June 26, 1883, declaring $46,244.67 due to the complainant from Vashti W. Angell and secured by the mortgage lien described in the bill, and ordering payment of this sum and costs by her guardian to the complainant within one hundred days from the entry of the decree, whereupon the mortgage lien is to be discharged, and in default of such payment the said Vashti to be forever barred and foreclosed from all right of redemption.*

*George H. Browne & Edwin Metcalf*, for complainant.
*Charles E. Gorman & Louis L. Angell*, for respondents.