Hurley, J.
The plaintiff brought this action to recover a commission on the sale of a parcel of land. The plaintiff requested a report from the allowance of the defendants’ motion to dismiss for failure to begin the action within the applicable statute of limitation period. We allow the report. The case will stand for further proceedings in the Orleans Division.
The factual background of this case begins in late 1983 with the execution of a listing agreement for a parcel of land known as lot 146. The plaintiff, a licensed real estate broker, and one of the defendants were parties to this agreement. A series of negotiations and various agreements, proposals, offers and counteroffers involving various defendants occurred up to the middle of April, 1984. The first recorded transaction concerning lot 146 subsequent to the listing agreement is by deed dated May 29, 1984, recorded June 7, 1984 to a corporate defendant not a party to the negotiations. The next transaction affecting lot 146 is evidenced by a deed dated March 14,1988, recorded March 15,1988 from the corporate defendant to a defendant involved in the 1984 negotiations. The plaintiff received no commission on either transaction. The plaintiff s contention is that he earned a commission on the sale of lot 146 because he was the predominant, effective cause of the sale in May, 1984 and that the sales and transfers were structured to deprive him of his commission.
The plaintiffs complaint claims three bases for recovery: unfair and deceptive acts under G.Lc. 93A against all the defendants; breach of a contract for a commission against two of the defendants; and breach of a listing contract against a single defendant. The defendants moved to dismiss the action. The judge allowed the motion finding “that the action has not been filed within any applicable statute of limitations.”
In reviewing the allowance of the motion to dismiss, the factual allegations of the complaint are accepted as true. Nader v. Citron, 372 Mass. 96 (1977). The question raised by this report is whether the judge was correct as a matter of law in finding that “the action has not been filed within any applicable statue of limitations.” The complaint sets forth causes of action, the earliest limitation on which is three years.[2] The dispute is the time at which the cause of action accrued. The plaintiffs position is that his cause of action did not accrue until he knew or reasonably should have known thathe mightbe due a commission. Hendrickson v. Sears. 365 Mass. 83 (1974).
*80 There is no allegation in the complaint that any activity occurred on lot 146 which should have served to putthe plaintiff on notice that a change in use or ownership had occurred that would result in a commission due him prior to the 1988 deed. The plaintiff was told that the property was sold to someone not his client.[3] The terms of the listing agreement were not set out in the complaint, but it is alleged that agreements and deposits were made subsequent to the execution of that agreement. These agreements did not lead to sales, and deposits were returned. In 1991 the plaintiff discovered the 1988 deed from the grantee[4] of the 1984 transaction to a defendant who was a party to a sale agreement in 1984. The plaintiff s commission was protected in that agreement.
A number of years passed before the plaintiff discovered what he alleges is the relationship between the parties in the two transactions. It appears that an examination of the registry of deeds in 1988 would have alerted the plaintiff to his claims. The inherently unknowable standard in Friedman v. Jablonski, 37 Mass. 482 (1976) means that in this case the cause of action accrues on March 15,1988. The complaint was filed March 10,1992. There was nothing alleged in the complaint that puts the plaintiff on notice prior to March 15,1988. Following this rationale, and not having the benefit of any other analysis by the trial court, we determine that the motion to dismiss should have been denied as to any cause of action occurring March 15,1988 commenced in a timely fashion by March 10.1992. The report is allowed. The case is returned to the Orleans District Court for further proceedings consistent with this opinion.
So ordered.

 The complaint does not specify a tort cause of action. The Report states that “[T]he parties agree that the applicable statutes of limitation are 4 years for a Chapter 93A action (M.G.L. c. 260 Section 5A-Count 1), 6 years for a contract action (M.G.L. c. 260 Section 2-Counts 2 and 3), and 3 years for a tort action in fraud (M.G.L.C. 260 Section 2A) from the time the cause of action accrued.”

 This grantee is a defendant.

 Alleged to be a nominee of one of the defendants.