Aguiar, J.
This appeal raises the issue of whether the trial judge erred in allowing defendants’ motion to dismiss on the basis of G.L.C. 112, §87RR which requires that plaintiffs be duly licensed real estate brokers or salespersons to recover compensation. We find no error.
In reviewing the allowance of the motion to dismiss, the factual allegations of the complaint are accepted as true. Nader v. Citron, 372 Mass. 96 (1977); Collins v. Van DeGraaf, 1993 Mass. App. Div. 79. In addition, the parties had stipulated that plaintiffs are not licensed real estate brokers.
The complaint alleges that the plaintiffs entered into a Purchase and Sale Agreement for a lot in a subdivision with the defendants. Defendant Logan Huffman offered to pay plaintiff Laura Daunis two percent of the sales price on each of the remaining eight lots in the subdivision if the plaintiffs would refer qualified friends and acquaintances to him for the purpose of his building new homes for them. Plaintiff Laura Daunis, as a direct result of those representations and in reliance thereon, made exhaustive and successful efforts in obtaining buyers for four lots and homes in the subdivision. Two percent of the sales price equals $40,342.00. Plaintiffs have made demand upon the defendants, Logan Huffman individually and as the President and Treasurer of Eastland Partners, Inc. Defendants have neglected and refused to make payment to the plaintiffs.
Plaintiffs argue that pursuant to the compensation agreement between the parties and as a result of the particular facts of this case notwithstanding the provisions of G.L.c. 112, §87RR the defendants should be estopped from asserting said defense of G.L.c. 112, §87RR. Plaintiffs cite Turnpike Motors, Inc. v. Newbury Group, Inc., 403 Mass. 291 (1988) (known as Turnpike Motors I) and a subsequent interpretation of the same case, Turnpike Motors, Inc. v. Newbury Group, Inc., 413 Mass. 119 (1992) (known as Turnpike Motors II) as a basis where the sellers would be estopped to deny the broker full commissions.
However, in that case, the unlicensed broker had reasonably relied to its detriment on the sellers’ representations that the sale was a sale of corporate stock, not a sale of real estate, and therefore the sellers were estopped to raise G.L.c. 112, §87RR, as a bar to the brokers’ claim for a commission. In this case, from inception, the sales were to involve real estate.
Plaintiffs argue that the defendants should not be rewarded for their misconduct. Unfortunately for the plaintiffs the statute is clear. It bars recovery in a suit if *197 the broker or salesperson is not licensed.[3] To allow plaintiffs to bring suit in the face of the statute would be to emasculate the statute. That would be against public policy and should not be done.
Defendants may have a moral obligation to pay the plaintiffs but not a legal one. We find no error.
The trial judge’s action is affirmed and the report is dismissed.

G.L.c. 112, §87PP defines a real estate broker to include “... any person who for another person ... with the intention or in the expectation or upon the promise of receiving or collecting a fee, commission or other valuable consideration, does any of the following:... assists or directs in the procuring of prospects ... which results or is intended to result in the sale... of any real estate.” A real estate salesman “performs any act or engages in any transaction included in the foregoing definition of a broker, except the completing of the negotiation of any agreement or transaction which result or is intended to result in the sale... of any real estate.”